DOWLING v. GERARD B. ALLEN & Co., *Appellants.*

| | |
|---|---|
| 88 | 293 |
| 37a | 233 |
| 88 | 293 |
| 39a | 429 |
| 88 | 293 |
| 102 | 220 |
| 102 | 286 |
| 42a | 662 |
| 88 | 293 |
| 44a | 643 |
| 88 | 293 |
| 113 | 469 |
| 88 | 293 |
| 118 | 619 |
| 88 | 293 |
| 140 | 318 |

1. **Instruction :** ASSUMPTION OF FACT. The judgment in this case reversed, because of the assumption of a material fact in an instruction given for the plaintiff.

2. **Negligence :** INEXPERIENCED YOUTH. While less care and foresight are exacted of an inexperienced youth than of a man of mature years, yet if the former was aware of the danger to which he was exposed, any negligence on his part which contributed directly to his injury will defeat his recovery.

3. **Vice-Principal :** FELLOW SERVANTS. The rule announced in *Moore v. Ry.*, 85 Mo. 588, and *McDermott v. Ry.*, 87 Mo. 285, defining who is a vice-principal and what constitutes the relation of fellow servants, adhered to.

4. **Change of Venue :** WHEN MUST BE GRANTED. An application for a change of venue because of the prejudice of the inhabitants of the county, if sufficient in form and substance, must be granted The facts alleged in it cannot be controverted by the opposing party.

5. ——— : NOTICE. The court refuses to disturb the judgment in this case because of alleged want of reasonable notice to the opposite party of the application for the change of venue.

*Appeal from St. Louis Court of Appeals.*

REVERSED.

*Broadhead & Haeussler* and *Alexander Martin* for appellants.

[1] The testimony is not sufficient to support the

verdict. [2] The instructions given for plaintiff were wrong; they left the question of negligence to the jury. Negligence is a question of law for the court and the latter must state some rule as to what constitutes negligence, and the province of the jury is to ascertain whether the facts of the case on trial bring it within the rule. *Goodwin v. Ry.*, 75 Mo. 74; *Yarnall v. Ry.*, 75 Mo. 583; *Wyatt v. Ry.*, 62 Mo. 411; *Tarwater v. Ry.*, 42 Mo. 196. [3] The third instruction for plaintiff was wrong, because by it the jury was told that King was not the fellow servant of plaintiff, if plaintiff was told by Fisher, the foreman of the shop, to go with King and do whatever he directed. *Lee v. Iron Works*, 62 Mo. 567; *Marshall v. Schricker*, 63 Mo. 308; *Brothers v. Cartter*, 52 Mo. 372; *McGowan v. Ry.*, 61 Mo. 528; *Daubert v. Pickel*, 4 Mo. App. 371; *Hoke v. Ry.*, 11 Mo. App. 579; *Valley v. Ry.*, 85 Ill. 50; 53 Ill. 336. [4] The motion in arrest of judgment should have been sustained. [5] The plaintiff was not entitled to a change of venue, and the lower court erred in refusing to permit defendant to introduce evidence to show that the facts alleged in the petition for the change of venue were not true. Besides, it does not appear that reasonable notice of the application was given; in fact, there is no evidence that any notice was given, as required by Revised Statutes, section 3733.

*Fisher & Rowell* for respondent.

[1] The evidence is sufficient to support the verdict. [2] The first instruction given for plaintiff was in proper form. *Coombs v. Cordage Co.*, 102 Mass. 572; *Buesching v. St. Louis Gas Light Co.*, 73 Mo. 219; *Bell v. Ry.*, 72 Mo. 50. [3] The third instruction for plaintiff was designed to explain to the jury the relation between the plaintiff and the defendant's employe, named King, and properly declares the law. The question of negli-

gence was rightly left to the jury. *Mauerman v. Siemerts*, 71 Mo. 101 ; *Norton v. Ittner*, 56 Mo. 352 ; *Wyatt v. Ry.*, 55 Mo. 485 ; *Bell v. Ry.*, 72 Mo. 50. [4] There could be more than one *alter ego* in an establishment of the magnitude of that of defendant. *Hall v. Ry.*, 74 Mo. 298 ; *Blessing v. Ry.*, 77 Mo. 410 ; *McGowan v. Ry.*, 61 Mo. 528. [5] The lower court did not err in overruling the motion in arrest of judgment. [6] The change of venue was properly granted. The affidavit was conclusive on the question of the prejudice of the inhabitants of the city. *Corpenny v. Sedalia*, 57 Mo. 91 ; *Mix v. Kepner*, 81 Mo. 93. [7] Reasonable notice of the application is all that was required. *Reed v. State*, 11 Mo. 379 ; *State v. Floyd*, 18 Mo. 349 ; *Perry v. Roberts*, 17 Mo. 36 ; *Corpenny v. Sedalia*, 57 Mo. 88. [8] Voluntary appearance of the party after the change of venue waives any defect in the proceedings for change. *Powers v. Brawder, Adm'r*, 13 Mo. 154 ; *Montgomery v. Scott*, 32 Wis. 249 ; *Blackburn v. Sweet*, 38 Wis. 578 ; *Carpenter et al. v. Shepherdson*, 43 Wis. 406 ; *In re Shæffer's Estate*, 45 Wis. 614 ; *Burnham v. Halfield*, 5 Black. (Ind.) 21 ; *Oowens v. Owens*, Hard. (Ky.) 154 ; *Russell v. Knowles*, 5 Miss. 90.

HENRY, C. J.—This cause was here, on appeal, at the October term, 1881, and the judgment of the court of appeals, reversing that of the circuit court, was affirmed. On a re-trial of the cause, plaintiff obtained a judgment for ten thousand dollars, from which this appeal is prosecuted. The case is reported in 74 Mo. 14, and we adopt the statement there made, as substantially correct, except that on a re-trial of the cause, defendant introduced evidence contradictory of material testimony adduced by the plaintiff. Plaintiff testified that King directed him to "go and stop off the engine." King testified that he had no recollection of giving plaintiff an order, or direction ; that, "when the noon bell rang,

work dropped.; the noon bell itself would be an order for stopping the engine; plaintiff had started and stopped the engine before this, probably one hundred times; the bell rang and he went to the engine, of course." Robert Cook testified, that when the noon bell rang, he was talking to King.; knew of no order to the plaintiff to shut off steam. Had seen the plaintiff shut off steam a number of times before.

The testimony on both sides was to the effect that there were other pass-ways than that taken by plaintiff to the place where he had to go to shut off steam. Neither plaintiff nor any other witness testified that he was directed by King to go the route that took him over the set screw.

Among other instructions the court, at plaintiff's instance, gave the following :

"The court instructs the jury that if they find from the evidence that the employe of the defendant, named King, had charge or management of that part of defendant's work embracing the construction of the turn-table, and the machinery used in such construction, and that the plaintiff who was injured was directed by the fore-man, Fisher, to go with said King and do whatever he directed, then said King was not the fellow servant of said plaintiff, and the defendant is responsible for his acts, and if the jury find from the evidence that, under the circumstances of this case, it was negligence or reck-lessness for said King to direct the plaintiff to perform the work in the manner he did, when he received the injury, the defendant will be responsible therefor."

This clearly assumes that King not only directed the plaintiff to shut off the steam, but to do it in the manner in which he did it when he received the injury. It does not tell the jury that if    *    *    *    they found the fact to be, that King directed the plaintiff to shut off the steam, in the manner in which plaintiff did

it, and also find that, under the circumstances of this case, it was negligence or recklessness so to direct plaintiff, the plaintiff was entitled to a verdict. And even in that form, unobjectionable, if there was evidence to support the hypothetical facts, it would have been error, for there is not a scintilla of testimony proving, or tending to prove, that King directed the plaintiff to take the route that led over the set screw.

The other instructions for plaintiff are objected to as submitting the question of negligence to the jury, generally, without any declaration of what fact constituted negligence ; and also that they assumed that plaintiff was not of an age to be aware of the danger from the set screw and collar. As to the latter contention, we do not think that there is any such assumption as alleged.

By the second instruction the jury are told that " although they may find, from the evidence, that the set screw and collar attached to the shaft were visible, and the danger in passing over the same was apparent to a person of mature years, or one accustomed to the use of such machinery, yet if the jury further find that by reason of the youth and inexperience of plaintiff, he was not aware of the danger to himself from said set screw and collar, the fact that they were so visible or apparent will not defeat his right to recover in this case."

The obvious meaning of the instruction is, that the jury were to find as a fact, first, the age of plaintiff ; and, second, that he was too young and inexperienced to be aware of the danger to which he was exposed. There is no assumption of either of these propositions. How old plaintiff was, and whether old enough to be aware of the danger to which he was exposed were submitted to the jury as questions of fact by the instruction. The first instruction declared that, " if the danger was not apparent to a party of the age and experience of plaintiff, and that he did not have sufficient, or reason-

able notice of such danger, and without any negligence on his part, by reason of his youth, or inexperience, * * * he failed to appreciate the danger," etc. His age and intelligence were matters of enquiry —evidence was introduced in relation to both—and no jury of sensible men could have understood the court as declaring by that instruction that, by reason of defendant's youth and inexperience, he did not, or could not, appreciate the danger in passing over the shaft, but must have understood that these were questions submitted to them for their determination on the evidence.

The instructions for plaintiff were sufficiently specific in regard to what constitutes negligence of the character complained of, and which the testimony tended to prove. We think the fourth instruction objectionable. It declares that, "Although the jury may find, from the evidence, that the plaintiff was guilty of some negligence at the time of the injury, yet if they find that such negligence was slight or remote, and that the negligence of defendant was the direct cause of the injury to plaintiff, he will not be precluded from recovery by reason of such slight or remote negligence." Putting out of view the question of plaintiff's age and inexperience, and considering him as an adult, if guilty of any negligence contributing directly to produce the injury, whether slight or not, he could not recover. What, but for consequences which follow, might be esteemed slight negligence, sometimes directly occasions serious injury to the negligent party. The age and inexperience of the party may be taken into consideration in passing upon the question of negligence alleged against him. For instance, no negligence is imputable to a child, although its own carelessness may produce its injury—and less care and foresight are exacted of an inexperienced youth than of a man of mature years. If, in this case, the plaintiff was too young and inexperi-

enced to appreciate the danger to which he was exposed, then conduct on his part which would be negligence in one aware of the danger, might not be imputed as negligence in him. But if the jury should find that he was aware of the danger to which he was exposed, any negligence on his part which contributed directly to his injury will defeat his action. *Murray v. Ry.*, 33 Alb. Law Journal, No. 5, p. 92 ; Shearman & Redf. on Neg., sec. 49 ; *Ry. v. Gladman*, 15 Wall. 401 ; *Ry. v. Stout*, 17 Wall. 657 ; *Boland v. Ry.*, 36 Mo. 484 ; *Cauley v. Ry.*, 98 Pa. St. 498. The doctrine of comparative negligence in these cases has no footing in this court, and the instruction in question has a strong leaning in that direction.

The correct rule is succinctly declared in *Boland v. Ry.*, 36 Mo. 484. No complaint is now made of this instruction, and we notice it because the judgment will be reversed and the cause remanded ; and if this instruction should be given again it might be assigned as error on another appeal, and cause another reversal. The instructions, except as herein otherwise indicated, we think, fairly declared the law to the jury.

We are urged to re-consider the question passed upon when the cause was here before, as to the relation between King and plaintiff. We then held that they were not fellow-servants, and adhere to what was then announced on that subject, and refer to *Moore v. Railroad*, 85 Mo. 588, and *McDermott v. Railroad*, 87 Mo. 285. Plaintiff applied for a change of venue from the St. Louis circuit, and it was awarded to the circuit court of Louis county, and this is assigned as error. Section 3729, Revised Statutes, provides that : "A change of venue may be awarded * * * for the following causes * * * fourth, that the opposite party has an undue influence over the inhabitants of the county." This section was amended in 1881, by adding these words to those last quoted : "But in no case shall more than

one change be granted to either party." This was the only change, and counsel for appellant err in stating that the word "all" was added to the amendment before the words "inhabitants of the county," so that it should read: "That the opposite party has an undue influence over *all* the inhabitants of the county." Section 3742 provides that the word "county," as used in this article, shall be construed to embrace the city of St. Louis, and changes of venue shall be awarded to and from the courts of said city as if it were a county."

Counsel also insist that the court erred in refusing to permit them to introduce evidence to show that the petition for change of venue was not true. Section 3733 is as follows: "If reasonable notice shall have been given to the adverse party, or his attorney of record, the court, or judge, as the case may be, shall consider the application, and, if it be sufficient, a change of venue shall be awarded to some county where the cause, or causes, complained of do not exist," etc. The only question to be determined by the court under that section, is the sufficiency of the application. The section does not require that the judge shall be satisfied of the truth of the allegations. If the petition is sufficient in form and substance, then the statute is peremptory, and the change of venue shall be awarded.

But it is insisted that reasonable notice of the application was not given to defendant. It appears from the record, that on the thirty-first of January, 1882, plaintiff filed his motion for a change of venue and notice of his application. February 1, 1882, he had leave to withdraw that motion and thereupon re-filed it, together with notice of the application, and on the third of February, 1882, the court awarded the change of venue. The fair inference is that the same motion was re-filed, and that a new notice was given February 1. We cannot say that two days notice is not reasonable, but here the first notice was given January 31, and in *Reed*

*v. State*, 11 Mo. 380, the defendant filed an application for a change of venue, which was overruled five weeks thereafter, and on the day of trial he gave the prosecuting attorney written notice, and immediately renewed his former application, based on the same ground, and the court held that the filing of the first application, although overruled, was of itself notice. See also *Corpenny v. City of Sedalia*, 57 Mo. 88. If the application is sufficient, it being the duty of the court at once to award the change, it is difficult to perceive a reason for requiring any notice whatever of the application. It is only necessary because the statute requires it, and the trial court having passed upon the sufficiency of the notice, we are not inclined to review its action, unless there are peculiar circumstances in the case which demand it. The judgment is reversed and the cause remanded.