DOWLING v. GERARD B. ALLEN & CO., *Appellant.*

1. **Negligence:** DANGEROUS MACHINERY: INEXPERIENCED SERVANT.
   Where an inexperienced youth is employed to work about danger-
   ous machinery of whose perils he is known by his employer to be
   ignorant, and while exercising ordinary care in executing the order
   of his superior is injured by some part of the machinery of whose
   danger no warning has been given him, and which is not obvious
   to a person of his age of ordinary intelligence and prudence, the
   master will be liable. ( *Reaffirming* 74 Mo. 13, and 88 Mo. 293.)

2. ———: INSTRUCTION. An instruction will not be considered erro-
   neous because it submits to the jury the question of the employe's
   going *over* or *by* the dangerous shaft when hurt, it appearing infer-
   entially from the evidence that he was going *by* it when hurt.

3. **Practice in Supreme Court:** ABANDONMENT OF OBJECTION.
   Where, although raised in the motion for a new trial, no point is
   made in the briefs in the supreme court on the question of the
   amount of damages, it will be deemed abandoned.

*Appeal from St. Louis County Circuit Court.*—HON.
   W. W. EDWARDS, Judge.

AFFIRMED.

THIS is an action for damages for personal injuries
sustained by plaintiff while in defendant's employ and
by reason of alleged negligence of the latter. The
defense was a denial and a plea of plaintiff's contribu-
tory negligence, which the reply put in issue.

The injury complained of occurred in 1872. The
present action was begun in 1875. Plaintiff was obliged
to take a nonsuit under the rulings of the circuit court
at the first trial, but that judgment was reversed and
the cause remanded on appeal to the St. Louis court of
appeals ( *Dowling v. Allen*, 6 Mo. App. 195) whose
judgment was approved by this court in an opinion
reported in 74 Mo. 13. The cause was then retried in
1882 in St. Louis county ( to which a change of venue

had been taken ).   The result was a verdict for plaintiff for $10,000.   An appeal was taken therefrom to this court where that judgment was reversed and the cause remanded in a decision reported in 88 Mo. 293.

In 1886 a new trial was had before the circuit court of St. Louis county with the aid of a jury.   A verdict and judgment were then rendered for plaintiff for $12,000.   After the usual motions the present appeal was taken.

The evidence tended to show that plaintiff was an employe in the foundry of defendant, and, at the time of the accident, seventeen years of age.   He was inexperienced in the business, of which fact the superintendent who engaged him was aware.   For some months he ran errands and did similar light work, but afterwards was put in the machine-shop and in the yard where a turntable for a bridge was being built under direction of King, another employe.   His father told King it was a dangerous place for the boy.   The foreman, who had engaged plaintiff, directed him to obey the orders of King.

On the day of the accident plaintiff had been working the rachet handle on the turntable.   There was an engine, near by, which ran the machinery in the shop.   At noon the steam was shut off from it and the hands stopped for dinner.   There was, close to the turntable, a revolving shaft ( connected with the machinery ) on which was a set screw in a collar to keep the shaft in place.   The latter was some twelve feet long, six inches in diameter and about ten inches above the floor.   It was covered except for a space of about three feet at the end nearest the turntable.   The collar at that end of the shaft was about an inch and a half thick, and the set screw about two inches high above it.   When the shaft was running it made some two hundred and fifty revolutions a minute and the set screw could not then be seen, owing to the rapidity of its motion.   The shaft, at the end where the set screw was, bore on a

supporting pole, and further along the shaft was a pulley wheel.

It is not necessary to pursue this description further into details as the situation of the various parts of the machinery material to the case will be easily understood from the accompanying cut.

THE FOREGOING CUT REPRESENTS THE SITUATION AS DESCRIBED IN DEFENDANT'S TESTIMONY.

1. Is the place where young Dowling was working when he started to turn off the engine.
2. Is where King and Cook were standing.
3. Is the collar and set screw.
4. Is the engine he started to stop.

On the day of the accident when the noon hour came King told plaintiff to stop the engine. This could easily be done by anyone, and plaintiff had done it often before. He proceeded to execute the order and was told to "hurry up." He had a choice of routes to

reach the engine but took that leading by way of the shaft referred to. He testified that there was a space of some two and a half feet (often used by other men) as a passage way over the shaft next to the supporting post and that he was going that way; that he had never observed the set screw before, nor been warned of it, and it had never been pointed out to him; that as he was about to go over the shaft the set screw caught his pants and drew his leg under the shaft, resulting in injuries which cost him that member.

There was a sharp conflict in the evidence on several points, one of which will be specially noted. Defendant's testimony was to the effect that there were only some six inches of open space next to the supporting pole of the shaft in question, on the side toward the set screw, and it tended to show that a passage over the shaft at that point could not be made. There was abundant evidence from which the jury might have inferred contributory negligence on the part of the plaintiff, or might have found that he was exercising ordinary care. They found the latter as the fact.

The evidence at the last trial was in every substantial particular the same as that given at the former one (reported 88 Mo. 293).

No exceptions were taken to the rulings upon the testimony.

No instructions were refused by the court. Those given were as follows:

For plaintiff:

"1. The jury are instructed that, if they find for plaintiff, they will assess his damages at such an amount as in their judgment will compensate him for the pain and suffering he sustained by reason of his injury, together with such a sum as will compensate him for the permanent injury they find he has sustained by reason of the loss of his leg, not exceeding in all the sum of $20,000."

Number 2 appears fully in the opinion of the court.

"3.   The court instructs the jury that although they may find from the evidence that the set screw and collar attached to the shaft were visible, and the danger in passing over the same was apparent to a person of mature years, or one accustomed to the use of such machinery, yet if the jury further find from the evidence that, by reason of the youth and inexperience of plaintiff, he was not aware of the danger to himself from said set screw and collar, the fact that they were so visible or apparent will not defeat his right to recover in this case.

"4.   The court instructs the jury that, if they find from the evidence that the collar and set screw was run in defendant's machine shop in such manner as to expose the employes therein of the age and experience of plaintiff to the danger of injury in approaching or passing over the same, the fact that they may be run in the same manner in other machine shops will not relieve the defendant from liability therefor."

For defendant:

"1.   The jury is instructed that the defendant as proprietor of the machine shop was not an insurer of its employes against the danger of its machinery, but in the supplying of machinery at its shop it was required in law to furnish only such as was reasonably suitable for the work to be done. If, therefore, the jury find from the evidence that defendant supplied and maintained the same machinery ordinarily supplied and maintained by reasonable and prudent men for like purposes, then defendant is not liable for negligence in providing such machinery.

"2.   The court instructs the jury that the law does not require or exact of the proprietors of machinery that it shall be absolutely free from risk or danger to operatives, but only that ordinary care to that end shall be observed in its construction and in the order or repair in which it is kept; and the court further

Dowling v. Allen.

instructs you that the ordinary perils, risks and dangers arising from the use of such machinery are assumed by the employes who undertake to work in and about such machinery, and the employer cannot be held answerable in an action for damages for injuries occasioned by the dangers, risks and perils ordinarily incident to the use of such machinery.

"3. If the jury find from the evidence that the shaft and set screw upon which the plaintiff was injured were in the same condition in respect to guards or protection in which they were at the time plaintiff entered defendant's employ, and that the danger of such condition, if any, was open and apparent to common or ordinary observation, the verdict must be for defendant.

"4. If the jury believe from the evidence that the injury to plaintiff was caused by his own negligence immediately contributing thereto, and that by the exercise of ordinary prudence and caution he could have avoided the injury, they must find for the defendant.

"5. The fact that the employe is a minor when injured does not change or increase the responsibility of his employer to him, unless the jury shall find from the evidence that he was of such tender years as not to have mind sufficient to acquire the necessary knowledge or information to determine the hazard incident to his employment.

"6. If the jury believe from the evidence that plaintiff was informed or cautioned by defendant or its employes as to the danger (if any) incident to the set screw and shaft, prior to the accident, then their verdict must be for defendant.

"7. If the jury find from the evidence that plaintiff knew of the set screw in question and where it was located and of the shaft, and had seen the set screw and shaft, both when in motion and at rest, and had frequently stopped off the engine in question and was old enough to know the danger of stepping over the set screw while the shaft was in motion, and the accident

happened from his undertaking to step over the set screw whilst the shaft was in motion, then it was an act of negligence on his part directly contributing to said accident and he is not entitled to recover."

*J. Broadhead* and *Alexander Martin* for appellant.

(1) The second instruction given for plaintiff was erroneous in submitting to the jury the question of plaintiff's going by the shaft when hurt. There was no evidence in support of such issue. It is error to instruct the jury on an hypothesis not warranted by the evidence. *Skyles v. Bollman*, 85 Mo. 35 ; *State v. Baily*, 57 Mo. 131 ; *Genen v. Railroad*, 60 Mo. 410 ; *Washington v. Seminary*, 52 Mo. 492 ; *State v. Hecox*, 83 Mo. 531 ; *Donnell v. Bank*, 80 Mo. 171 ; *Condon v. Railroad*, 78 Mo. 574 ; *Brown v. Ins. Co.*, 86 Mo. 56. (2) The instruction was designed to take away from the jury the consideration of the palpable negligence of the plaintiff in going over the shaft.

*Rowell & Ferriss* for respondent.

The instruction complained of by the defendant was rightly given. The evidence warranted its being given. The law is well settled in this state that it is sufficient if the facts referred to may be reasonably inferred from the circumstances proved. *Flournoy v. Andrews*, 5 Mo. 513 ; *Bradford v. Pearson*, 12 Mo. 71 ; *Chicago v. Louis*, 109 Ill. 122 ; *Mo. F. Co. v. Abend*, 107 Ill. 44.

BARCLAY, J.—This case has been before this court on two former occasions when the principles governing it were fully considered. We have not been asked to overrule any former expressions of opinion on the subject, nor do we see any just reason for doing so.

That the case was fairly one to be submitted to the jury on the issues of negligence on the part of plaintiff,

and of defendant, was expressly ruled by the St. Louis court of appeals ( 6 Mo. App. 195 ) and by this court ·( 74 Mo. 13 and 88 Mo. 293 ). It was further adjudicated then that when an inexperienced youth, as plaintiff was shown to be, is employed to work about dangerous machinery, of whose perils he is known by his employer to be ignorant, and, while exercising ordinary care in executing the orders of his superior, is injured by some part of the machinery, of whose danger no warning has been given him, and which is not obvious to a person of his age of ordinary intelligence and prudence, the master will be liable.

That King under whose orders plaintiff was directed to work was not a fellow-servant of plaintiff so as to relieve defendant from liability for his negligence in the circumstances shown, was also settled by the former decisions.

The instructions given at the last trial are quite as favorable to defendant as the law heretofore declared in the cause by this court would warrant. Indeed they have not even been questioned on this appeal except in one particular. This we will consider.

It is claimed that the second of plaintiff's instructions is erroneous in submitting to the jury the question whether he was passing *by* the shaft when injured when there was no evidence to support such a theory ; and that, by submitting that issue, the court in effect eliminated from the case the question of plaintiff's contributory negligence. That instruction reads as follows, viz. : "2. The court instructs the jury that if they find from the evidence that the place where the shaft collar and set screw used therewith was situated where the employes of defendant were liable to approach or step over it, and that in so doing such parties were liable to be injured thereby, and that the defendant knew or had reason to know of such danger ; then the law imposed upon the defendant the duty of so boxing and guarding said shaft and set screw as to protect such parties from

injury, or give to such parties reasonable notice of such danger, and if the jury further find from the evidence that the danger from the machinery aforesaid as used by defendant was not apparent to a party of the age and experience of plaintiff, and that he did not have sufficient or reasonable notice of such danger, and that said plaintiff, without any negligence on his part, by reason of his youth or inexperience, or reliance upon the directions given him, failed to appreciate the danger in passing *over or by* said shaft and was injured in consequence, the defendant will be responsible therefor and the jury will so find." ( The italics are ours to emphasize the point of criticism.)

It should be first remarked that the same instruction was given at the prior trial ( reviewed in 88 Mo. ). This court then said, after discussing the declarations of law with great care, that " the instructions, except as herein otherwise indicated, we think fairly declared the law " ( *Dowling v. Allen*, 88 Mo. 299 ). No error in the instruction now challenged was then suggested.

After such an approval and a retrial of the cause based thereon, it would seem that the reasons which would justify the disapproval of the instruction as erroneous now should be somewhat cogent. But the point of criticism is, at best, quite fine, and vanishes, we think, entirely when closely scrutinized.

The evidence of plaintiff did not show that he actully passed over the shaft. It appeared that he intended to go over it but was caught before executing that intention. The evidence of defendant tended to show that the space over the shaft at that point was too narrow for the passage of plaintiff. It consequently justified the inference that plaintiff was going *by, not over* it when hurt. Moreover, the material fact to be found, as indicated in that part of the instruction, was plaintiff's " failure to appreciate the danger " of his situation, whether passing *by,* or *over* the shaft at the time.

Nor do we think the instruction open to the criticism of removing the issue of contributory negligence from the case. Its own language required the jury to find that plaintiff was without negligence in the premises, and an instruction given for defendant, numbered 4, submitted the same issues to the jury, irrespective of the question whether he was going over or by the shaft.

With these observations nothing further need be said than that we regard all the questions of law involved in the case as already settled on the former appeals.

No point is made in the briefs here upon the amount of damages awarded, though it was referred to as a ground for new trial on the motion therefor in the circuit court. Nothing having been urged on that subject in this court, we assume that that point has been abandoned.

The judgment is affirmed, all the judges agreeing.