JAMES C. McDONALD, Appellant, v. THE STATE OF NEW
YORK, Respondent.

GEORGE EASTMAN, Appellant, v. THE STATE OF NEW YORK,
Respondent.

Under the provisions of the statute in reference to appeals from decisions
of the Board of Claims (Chap. 205, Laws of 1883, as amended by chap.
507, Laws of 1887), which require (§ 10) every appeal to state "briefly
the grounds on which it is taken," and provide (§ 11) that "on the hear-
ing before the Court of Appeals, only such questions shall be considered
by the court as are raised by the notice of appeal," where, upon a
hearing before said board, improper evidence is received, under objec-
tion and exception, and a notice of appeal from its decision specifies that
"the Board of Claims erred in receiving evidence against the objection
and exception of the claimant," this sufficiently points out the error to
authorize its consideration here.

Upon a hearing before said board of a claim for damages for injuries
received by the giving away of a canal bridge while plaintiffs were
engaged in moving over it two mill-stones, one S., who had had charge
of alterations made to said bridge, as a witness for the state, was per-
mitted to testify, under objection that he had not shown himself com-
petent to give an opinion, that he left the bridge safe, in his judgment,
for the ordinary uses of a highway bridge. Held, error; as he was
thereby permitted to determine the issue before the board as to the neg-
ligence of the employes of the state.

Also held, the fact that the bridge was safe for the ordinary uses of a high-
way bridge, does not show that it was sufficient to sustain the traffic in
that particular place.

A civil engineer and bridge builder, as a witness for the state, was per-
mitted to testify, under objection and exception, that, in his judgment,
stones of the size and weight of those claimants were moving, and united
as they were, were an excessive load for the bridge as originally con-
structed. Held, error; that the opinion of the witness as to whether the
original bridge would have been strong enough, was not competent, and
the question as to whether stones were negligently united and moved
was one for the board to determine.

(Argued April 6, 1891; decided April 21, 1891.)

APPEAL from final orders of the Board of Claims, made
September 11, 1889, awarding the claimants nothing.

In April, 1881, the state built an iron bridge over the Cham-
plain canal in the village of Fort Ann. The planks of each

panel were supported by eight pine stringers, three inches thick and eleven and one-half inches wide, resting on needle beams. The ends or bearings of the stringers were but ten inches in width, and in September of that year they were, in some of the panels, reduced to five inches in width so as to diminish the grade of the bridge. It was testified in behalf of the state that when this was done the number of stringers in the panels, the grades of which were reduced, were doubled. The bridge remained in this condition until April 15, 1886, when the claimants attempted to roll over it two mill-stones weighing 11,250 pounds, united by an axletree so short that they were but twenty-one inches apart. When part way over the bridge, one of its panels gave way and the claimants fell to the bottom of the canal, a distance of about twenty feet, and were severely injured. They filed claims for their damages, alleging that the bridge was negligently constructed and maintained, and that they did not, by their own negligence, cause, in whole or in part, the accident. The Board of Claims, in deciding the case, refused to find that the employes of the state were negligent in the construction or care of the bridge, and found affirmatively that the claimants negligently caused the accident, and dismissed their claims. From this decision the claimants appeal, specifying in their notices, among other grounds: "The Board of Claims erred in receiving evidence against the objection and exception of claimant."

*L. H. Northrup* for appellant. The board erred in overruling claimants' objection to the question: "Now with what you did to these stringers of this bridge, did you leave it in your judgment, safe for the ordinary uses of a highway bridge?" (*Feeney* v. *L. I. R. R. Co.*, 116 N. Y. 375; 39 id. 260.) The board erred in refusing to find that the bridge, as originally constructed, would not have yielded with the weight of the stones upon it. (*Sipple* v. *State*, 99 N. Y. 284.) The board erred in refusing to find that the claimants were not guilty of contributory negligence in arranging the two circular stones as wheels upon an axle which separated them only twenty-one

and one-half inches, and thus attempting to roll them across said bridge. (*French* v. *Donaldson*, 57 N. Y. 496; *McCormick* v. *Washington*, 112 Penn. St. 185; *Gregory* v. *Adams*, 14 Gray, 242, 248; *Bidwell* v. *Murray*, 40 Hun, 190; *Clapp* v. *Ellington*, 51 id. 58; *Sipple* v. *State*, 99 N. Y. 284; 83 id. 338; 41 id. 397; 46 id. 421; 24 id. 430, 432; 30 id. 208; 47 id. 176; 76 id. 329.)

*Charles F. Tabor, Attorney-General*, for respondent. The finding of the board of claims that the claimant, as well as George Eastman, in the matter of his claim, was guilty of contributory negligence is clearly a question of fact, and so. not reviewable here. (Laws of 1883, chap. 205, § 10; *Bowen* v. *State*, 108 N. Y. 166.) The appellant herein must have assumed that by making a motion for a new trial before the Board of Claims, upon a case and exceptions, an appeal from the order denying the motion would allow this court to review, in some way, the questions of fact in this case. This court has no such power, either under the Code or under the statute, allowing appeals from awards made by the Board of Claims. (Code Civ. Pro. § 1337; Laws of 1883, chap. 205, § 10; *Voisin* v. *C. M. Ins. Co.*, 123 N. Y. 131.) No liability against the state can be predicated upon any supposed want of good judgment or discretion upon the part of superintendent Harris in making the order which he did for lowering the pitch or grade of the bridge in question, or for any supposed error in judgment upon the part of his foreman Thomas, in cutting down the stringers so as to make the change which was ordered, and which presumably was necessary and proper to be made. (*Lansing* v. *Toolan*, 37 Mich. 152; *Urquhart* v. *City of Ogdensburgh*, 91 N. Y. 71; *Monk* v. *Town of New Utrecht*, 104 id. 561.) The burden of proof was upon the claimant to establish that his own negligence did not cause or contribute to the injury complained of. (*Hale* v. *Smith*, 78 N. Y. 480; *Telman* v. *S. B. & N. Y. R. R. Co.*, 98 id. 202; *Lee* v. *T. C. G. L. Co.*, Id. 119; *Brickell* v. *N. Y. C. & H. R. R. R. Co.*, 120 id. 293; *Searles* v. *Manhattan R.*

*Co.*, 101 id. 661; *Taylor* v. *City of Yonkers*, 105 id. 209.) The claimants in attempting to cross this bridge with these stone chasers of extraordinary weight and unusual character, such as the evidence shows them to have been, were themselves guilty of contributory negligence and cannot recover. (*Lanagan* v. *Mayor, etc.*, 71 N. Y. 29; *Cummings* v. *City of Syracuse*, 100 id. 637; *Splitorf* v. *State*, 108 id. 216; *Wilson* v. *Granby*, 47 Conn. 59; *McCormick* v. *Washington*, 112 Penn. St. 185; *Clapp* v. *Ellington*, 51 Hun, 58; *Gregory* v. *Adams*, 14 Gray, 164; Laws of 1883, chap. 205, § 11.) The notice of appeal is too general to raise any question, except perhaps, that stated in the sixth ground, that upon the undisputed evidence claimant was entitled to an award of damages. (*Bowen* v. *State*, 108 N. Y. 166.)

Follett, Ch. J. Oliver Thomas, who reduced the bearings of the stringers, was called as a witness in behalf of the state, and was asked: " Q. Now, with what you did to these stringers of this bridge, did you leave it, in your judgment, safe for the ordinary uses of a highway bridge? Objected to on the ground that the witness is not shown competent to give an opinion with reference to the bridge, and it is immaterial whether, in his judgment, he left it safe or not." This objection was overruled, the claimants excepted, and the witness answered that he did. In effect, the witness was permitted to testify that the employes of the state were not negligent in making the change; that the bridge as changed was safe " for the ordinary uses of a highway bridge," and he was thereby permitted to determine whether the state or its employes were negligent, which was an issue to be decided by the board. Again, it does not follow that a bridge which was " safe for the ordinary uses of a highway bridge " was sufficient to sustain the traffic in that particular place.

A civil engineer and bridge builder was asked by the counsel for the state whether, in his judgment, stones of the size and weight mentioned, united and moved as described, were an excessive load for the bridge as originally constructed,

to which the claimants objected as immaterial, and as calling for an opinion regardless of facts, but their objection was overruled, and an exception taken.   The witness answered : " It was an excessive load ; was too large a load for the bridge to carry, as originally constructed."   The evidence does not show how the strength of the panels was affected by the change. The opinion of the witness as to whether the weight was excessive for the bridge before it was changed was not competent, the issue being whether the bridge, as reconstructed, was sufficient to bear the traffic which might reasonably be expected to pass over it.   Again, the witness, by his answer, was allowed to testify not only that the weight was excessive, but, in effect, that the stones were negligently united and moved over the bridge by the claimants, thus putting himself in the place of the Board of Claims, whose duty it was to determine from all of the evidence whether or not the claimants, by their own negligence, contributed to the accident.   It was competent for experts in the art of bridge building and having knowledge of the strength of timber used in such work to testify to the supporting power of the bridge, or any one of its panels, or any one of its stringers, and had they not gone beyond this no error would have been committed.   (*Hughes* v. *County of Muscatine*, 44 Iowa, 672.)

It is urged in behalf of the state that the first ground of error specified by the claimants in their notices of appeal is not sufficiently definite to enable them to raise these questions in this court.   The statute provides that " Every appeal shall be in writing, stating briefly the grounds on which it is taken, and subscribed by the party or his attorney."   (§ 10, ch. 205, L. 1883, as amended by § 10, ch. 507, L. 1887.)   Also, that " On the hearing before the Court of Appeals only such questions shall be considered by the court as are raised by the notice of appeal.   And on all questions not raised by the notice of appeal it shall be presumed that sufficient evidence was given to sustain the award."   (§ 11, ch. 205, L. 1883.) We think the specification that " The board of claims erred in receiving evidence against the objection and exception of the

claimant" sufficiently pointed out the error on which they intended to rely. The record does not show that any other evidence than this pointed out was admitted against their objection, and the counsel for the state was clearly apprised by this specification that these rulings would be challenged on appeal.

The order in each case should be reversed and a new hearing directed before the Board of Claims, with costs to abide the event.

All concur.

Order reversed.