LUCY JEROLMAN, Appellant, v. THE CHICAGO GREAT WESTERN RAILWAY COMPANY.

**Appeal:** REVIEW OF INSTRUCTIONS: *Abstract.* Where the abstract does not contain the evidence, but appellant's statement that it was conflicting upon a certain issue is not denied, errors in giving instructions on that issue may be considered.

**Contributory Negligence:** An instruction that, in order to recover for injuries, a passenger must have been free from all fault or negligence contributing to produce the injury, is erroneous, as holding him to the exercise of extraordinary care, and preventing a recovery though the negligence was slight, and did not amount to want of ordinary care.

**Instructions:** DEGREE OF PROOF. A statement that plaintiff must prove want of contributory negligence to the satisfaction of the jury is not a happy expression, but was probably not misleading in view of other instructions.

*Appeal from Bremer District Court.*—HON. J. F. CLYDE, Judge.

SATURDAY, APRIL 8, 1899.

THE plaintiff appeals from a judgment duly entered on a verdict returned by the jury in favor of the defendant.— *Reversed.*

*G. W. Ruddick* for appellant.

*O. C. Miller* and *D. A. Long* for appellee.

LADD, J.—The train reached Shellrock at 10 o'clock P. M. It was dark, and the plaintiff, a passesnger to that

place, in walking, from where she alighted, along the defendant's depot platform, which was about three feet above the surface, and without railing, to the omnibus stand, stepped from it to the ground, and was injured. She based her right of recovery on alleged freedom from negligence on her part contributing to the injury, and negligence on the part of the defendant in not having the platform properly lighted, and guarded by a suitable railing. The abstract does not contain the evidence, but the appellant's statement that, on the issues raised by the pleadings, it was conflicting, is not denied. We may, then, consider the errors assigned in giving the instructions. See *Kelleher v. City of Keokuk,* 60 Iowa, 476; *State v. Goering,* 106 Iowa, 636.

After mentioning the undisputed facts, the court, in the third paragraph, said: "The issues therefore that remain for you to consider are these, namely: *First.* Was plaintiff's fall from the depot platform due to any negligence of the defendant or its employes? *Second.* Was the plaintiff herself free from all fault or negligence that contributed to produce the fall? *Third.* Was the plaintiff injured by the fall? and the extent of such injuries, if any. In order to recover herein, the plaintiff must establish to your satisfaction, by a preponderance of the evidence, each and all of these three propositions." Exception is first taken to the requirement that plaintiff, in order to recover, must be "free from all fault or negligence that contributed to produce the fall," or as put in the sixth paragraph, it must appear "that such fall was not in any manner due to any fault or negligence on the part of the plaintiff herself," or, as in the eighth, "that she was free from all fault or negligence which contributed directly to produce the fall in question." No point is made concerning the use of "fault" as synonomous with "negligence." In the connection employed, it may not have been misunderstood. *Railway Co. v. Lanier,* 83 Ga. 587 (10 S. E. Rep. 280); *Mining Co. v.*

*Patton,* 129 Ind. Sup. 472 (28 N. E. Rep. 1113). The appellant rightly contends that the plaintiff should be held only to the exercise of ordinary care for her own safety. The law will not measure the extent. Failure so to do must contribute to her injury, in order to defeat the action. *Artz v. Railway Co.,* 38 Iowa, 295; *McAunich v. Railway Co.,* 20 Iowa, 338; *Haley v. Railway Co.,* 21 Iowa, 15. The appellant contends that, "when the rule of ordinary care obtains, then mere slight omission or slight faults is no breach of the rule, and does not defeat recovery. It can only be such as amount to lack of ordinary care." The use of the term "ordinary negligence," while not approved, was held not erroneous, in *Kerns v. Railway Co.,* 94 Iowa, 125. Where only ordinary care is required, any want of its exercise is negligence, and this is true regardless of the extent or degree of failure or omission. Slight want of ordinary care is negligence, for that it is a failure to exercise the degree of care exacted. If an injury is caused thereby it flows as inevitably from the slight omission of duty, as though occasioned by a willful wrong. The material inquiry is, always, was there any failure to exercise ordinary care; was anything done or omitted which a person of ordinary prudence, under like circumstances, would not have done or omitted; and, if so, was the injury caused thereby, or did such failure contribute thereto? If the injury was occasioned by slight want of ordinary care, when it would not have resulted but for that, then it is as much the outcome of negligence as though caused by some grievous and wanton disregard of duty. So, where any want of ordinary care, however slight, contributes to the injury, as an efficient cause thereof, recovery cannot be had; for the law will not undertake to determine which of two wrongdoers is most at fault. These conclusions find support in the following authorities: *Cremer v. Town of Portland,* 36 Wis. 92; *Strong v. Railroad Co.,* 61 Cal. 326; *Railway Co. v. Graham,* 95 Ind. 291; *Railway Co. v. Gorbett,* 49 Tex. 573; *Monongahela City v. Fischer,* 111 Pa. St. 9 (2 Atl. Rep. 89); *Manly v. Railroad*

*Co.*, 74 N. C. 655; 7 Am. & Eng. Enc. Law 2d ed.) 377; Cooley, Torts, 630; Beach, Contributory Negligence (2d ed.), section 19; *Railroad Co. v. Fitzpatrick*, 35 Md. 32; *Dowling v. Allen*, 102 Mo. 213 (14 S. W. Rep. 751); *Kerwhaker v. Railroad Co.*, 3 Ohio St. 172 (62 Am. Dec. 246); *Dush v. Fitzhugh*, 2 Lea. 307; note to *Freer v. Cameron*, 55 Am. Dec. 671. See *O'Keefe v. Railroad Co.*, 32 Iowa, 467. Slight want of ordinary care must not be confused with slight negligence, which is usually applied to an omission of extraordinary care. Such an omission may be said to be confined to the territory lying between the boundaries of ordinary and extraordinary care, and, in a case involving the exercise of ordinary care only, will not defeat recovery. *Dreher v. Town of Fitchburg*, 22 Wis. 675 (99 Am. Dec. 91); *Hughes v. Muscatine County*, 44 Iowa, 675. The vice of the instruction, emphasized in the passage quoted from others, is that all negligence is excluded, and the plaintiff held to the exercise of extraordinary care for her safety. Had fault or negligence, as used, been defined, this would have been obviated. Without such limitation, the jury was warranted in understanding that any negligence whatever on the plaintiff's part, however slight, required a verdict for the defendant. *Hughes v. Muscatine County, supra,* where an instruction that the plaintiff must show she was "entirely free from any negligence that helped to bring about the accident" was held erroneous, is precisely in point. Again, the thought of the court was not happily expressed in the last sentence of the instruction, though we are inclined to think it, in view of other portions of the charge, not misleading. See *Callan v. Hanson*, 86 Iowa, 421; *Way v. Railway Co.*, 40 Iowa, 344. The plaintiff was required to prove her case, not to the satisfaction of the jury, but merely by a preponderance of the evidence. *Bryan v. Railway Co.*, 63 Iowa, 465; *Turner v. Younker*, 76 Iowa, 261.

The other errors assigned merit no attention.— REVERSED.