JOHNSON v. TILLSON.

1. **Negligence:** COMPARATIVE AND CONTRIBUTORY. The doctrine of comparative negligence is discarded; that of contributory negligence prevails.

2. —— RULE APPLIED TO AN INSTRUCTION. In an action for personal injuries, the court instructed the jury that defendant was liable for his negligence, unless they found that plaintiff was "equally guilty of negligence with defendant." *Held*, that the instruction was erroneous as announcing the doctrine of comparative negligence.

Johnson v. Tillson.

3. **Damages:** ASSESSMENT OF. In assessing damages the jury cannot *arbitrarily* allow the plaintiff what in their opinion he is entitled to, but their finding in this respect must be based on and controlled by the evidence adduced.

4. —— Hence an instruction that they might, in case they found for plaintiff, assess such damages as they thought him entitled to, was held erroneous.

*Appeal from Woodbury District Court.*

FRIDAY, JANUARY 25.

BY this action plaintiff seeks to recover damages resulting from the loss of two horses which were stung by bees, owned and kept by defendant, and for injuries sustained and pain endured by plaintiff from the same cause. There was a verdict and judgment for plaintiff; defendant appeals. Other facts of the case appear in the opinion.

*Joy & Wright* and *E. E. Lewis* for the appellant.

*Monk & Selleck* and *J. Pendleton* for the appellee.

BECK, Ch. J.— Defendant was the owner of numerous stands of bees which he kept not far from a traveled road upon his land. While passing along the road with his team, plaintiff was attacked by the bees and severely stung. His horses were also assailed by the furious insects in such numbers, that they were killed. This action is brought to recover for the loss and injury sustained by plaintiff. There was evidence tending to show that defendant was guilty of negligence in the care of the bees and in keeping them so near a traveled road, and also that plaintiff himself was negligent in exposing his person and horses to the attack of the bees, and in not using proper precaution and exertion to escape from them when their attack upon himself and horses was made. Upon this branch of the case the court instructed the jury that defendant was liable for his negligence in this action, should the jury find negligence

on his part, unless they found that plaintiff "was equally guilty of negligence with defendant." The instruction is clearly erroneous, or at least its import is such, as it was undoubtedly understood by the jury, that they were misled thereby. It would be understood to imply that plaintiff's negligence should be as great as defendant's in order to relieve defendant of liability. But this is not the rule prevailing in this court. We recognize the doctrine of contributory negligence, and hold that recovery for injuries cannot be had if the negligence of the injured party contributed to the misfortune, which, but for his negligence or want of caution, would not have happened. But the negligence of the injured party need not be as great, he need not be "equally guilty" with the one against whom damages are sought to be recovered, in order to defeat his claim. It is sufficient if it directly contribute to produce the injury. *O'Keefe* v. *The C. R. I. & P. R. Co.*, 32 Iowa, 467.

II. Another instruction is incorrect and was calculated to mislead the jury. They were directed, in case they found for plaintiff, to assess such damages as they thought him entitled to recover. They should have been informed that their finding as to the damages must be based upon and controlled by the evidence, which alone was proper to be considered in arriving at a conclusion as to the amount of the verdict.

We find it unnecessary to consider other objections made to the rulings of the court. For the errors above pointed out the judgment must be

Reversed.