BLACK v. THE BURLINGTON, CEDAR RAPIDS & MIN. R'Y CO.

1. **Railroads:** RIGHTS AT CROSSING OF HIGHWAY. The rights of a traveler upon the highway, and a railway company, are equal at a crossing: but a traveler approaching a crossing must yield the right of way to a train drawing near.

2. ————: EVIDENCE: NEGLIGENCE. It is competent for a witness to testify, that very near the crossing a train was going at a high rate of speed without giving signals, and it is then a question for the jury to determine whether the facts constituted negligence.

*Appeal from Benton Circuit Court.*

TUESDAY, JUNE 16.

ACTION to recover for injuries to the person and property of plaintiff, resulting from a train on defendant's railway striking a wagon in which plaintiff was at the time riding and driving a team attached to it. The injury occurred at a point where

a public traveled road crossed defendant's railroad, and was caused, as is alleged in the petition, by the negligence of the employes of defendant who were running the train. There was a verdict and judgment for plaintiff. Defendant appeals.

*Traer & Gilchrist*, and *A. S. Belt*, for appellants.

*S. P. Vanatta* and *Conklin & St. Clair*, for appellees.

BECK, J.—I. We will confine our discussion to the points presented in the assignment of errors and discussed in the argument of defendant's counsel. The others we are authorized to presume are waived.

II. It is first insisted that the verdict is not supported by the evidence.. Under the familiar and often announced rules of this court we find no such want of proof as will authorize us to disturb the judgment.

III. It is next urged that the verdict is contrary to the law requiring the exercise of care on the part of plaintiff to entitle him to recover. Upon the point involving the care to be exercised by each party, and upon the doctrine of contributory negligence which would defeat plaintiff's right of action, the instructions of the court to the jury are correct, and we do not understand that defendant's counsel complained of them. We do not think that the finding of the jury under the rules thus given to them is so in conflict with the evidence that it ought to have been set aside by the Circuit Court. These points, which involve the consideration of the evidence, demand, according to our custom, no further consideration.

IV. The court gave the following instruction to the jury: "The rights of a traveler upon a highway at a railroad crossing are not subordinate to those of the railroad, nor superior to them, but equal, one having the same right as the other and both are bound to use ordinary care to avoid injury of one to the other. And railroad companies, in running their cars across public highways, are bound to regulate their speed and give such signals as are required by ordinary care, that persons passing may be apprised of the

1. RAILROADS: rights at crossing.

danger, and omission to do so is evidence of negligence." The counsel for defendant objects to that part of the instruction which holds that the rights of the railroad company and of a traveler are equal. But the doctrine announced is evidently correct. The traveller has the right to cross the railroad and the railroad company has the right to cross the public road with trains; in this respect their rights are equal. But the instructions, taken as a whole, by no means announce as a rule, that the traveler approaching the crossing of a railroad, to which a train is drawing near, is not required to wait the passing of the cars. The instruction quoted holds that both traveler and those operating the train are bound to the exercise of ordinary care. The ninth instruction given to the jury, is to the effect, that if the plaintiff saw or heard the train approaching in time to stop his team before the collision, yet attempted to cross the track ahead of the train and was in consequence injured, the fault was his own and he cannot recover.

The eleventh instruction holds that if the plaintiff did not hear or see the cars, but knew where the track was, and by the exercise of ordinary care could have seen or heard the train, and, failing to exercise such care, attempted to cross the railroad track without using precaution to satisfy himself of safety, he was negligent and cannot recover. These and other instructions taken in connection with the one objected to, very clearly lay down the rule contended for by defendant's counsel, which is announced in *Warner v. R. R. Co.*, 44 N. Y., 465, in these words: "The citizen must yield the right of way at the crossing. The traveler who should drive his carriage upon the track when he saw the approach of a train would bring the injury on himself, if a collision occurred, and would have no just claim for the recovery of damages."

We do not think the instruction objected to by counsel is erroneous.

V. A witness for plaintiff was permitted to testify, against defendant's objection, that he saw the train which ran against 2. ——: evidence: negligence. plaintiff's wagon before it reached the crossing where the accident occurred, and at the distance

therefrom of four or five blocks, and that it was running at the rate of 15 miles an hour, and no bell was rung or whistle sounded. It is claimed that this evidence is incompetent, as the train was not seen by the witness at the place of the accident. The object of the evidence was to show want of care on the part of the persons having the train in charge. It appears from the evidence that the distance the train was from the crossing, when it was seen by the witness was about 900 feet. Alarm if given by the engineer, should be before the train is at the very place of danger, and it is necessary to begin to slacken speed at some distance from the point at which the desired rate is to be attained. It was proper for the jury to determine upon the evidence before them, whether in the exercise of proper care the whistle ought to have been sounded, or the brakes applied at the place where the train was seen by the witness. In this view the evidence was not incompetent.

No other questions are presented or discussed in the briefs of counsel. We are required to consider none but those which are brought to our attention in argument. Finding no error in this record we direct that the judgment be

AFFIRMED.