A. Brown v. The Sioux City & Pacific Railway
Company, Appellant.

94   309
129  254
94   309
143  272

**Evidence: RAILROADS.** It does not state a conclusion to say whether
1  a witness could (on a foggy night) see as far as the whistling post.

**Practice.** The jury may consider the speed of the train, though
2  excessive speed is not charged as negligence, for it bears on
   whether the train could have been stopped in time to avoid the
   accident.

**Misconduct in Argument** held not to have been prejudicial. The jury
3  must have known that the evidence, instead of statements of
   counsel, governed.

*Appeal from Monona District Court.*—Hon. Frank R.
Gaynor, Judge.

Friday, April 5, 1895.

Action to recover damages for the alleged negligent
killing of five head of cattle by one of defendant's
freight trains, at a public highway crossing, in the night
time of October 6, 1890.   The case was tried to a jury,
and a verdict returned in favor of the plaintiff.   Defend-
ant's motion for a new trial was overruled, and judg-
ment entered on the verdict.   Defendant appeals.—
*Affirmed.*

   *John B. Hawley, B. T. White*, and *Chas. E. Under-
hill* for appellant.

   *P. Hubbard, C. S. Waitley*, and *J. A. Traver* for
appellee.

Given, C. J.—I. The negligence charged is that "the crew operating said train negligently failed to apply the brakes and stop the train, and also failed to blow the whistle and ring the bell, or in any manner try to clear the track, but negligently ran their train into said cattle." The cattle killed were part of a large herd owned by the plaintiff, and kept in an inclosure some distance from the railroad track. On the night of October 6 they broke from the enclosure, and went upon the track at a public highway crossing, where they were run into by one of defendant's freight trains at about ten minutes before 6 o'clock in the morning, and five of the number killed. There was a dispute as to whether the morning was dark and foggy or not. The fact was important in determining whether the crew were negligent as charged. The conductor was asked whether it was possible for the train men and engineers to see the whistling posts at the crossings, and whether he could see them at the time of the accident. Plaintiff objected, "as it asks for a conclusion," and the objection was sustained. We think the question called for a fact, not a conclusion. It called for what the witness knew, and not for his "deduction drawn from premises;" and the objection should have been overruled. The ruling was, however, without prejudice to appellant, as the same witness testified without objection that at the time "it was very dark, and very foggy also." The engineer and one of the brakemen also testified, without objection, that it was dark and foggy, and that they could not see the whistling posts.

II. Defendant complains of the following part of the third paragraph of the charge: "In determining whether the railroad company was negligent, you may take into consideration the condition of the night, whether dark and foggy, or otherwise; the time of the

night; *the rate of speed at which they were running;* the condition of the train, whether in perfect order or otherwise; whether they blew the whistle and rang the bell; whether they might have stopped said train, by using ordinary care, in time to have avoided the injury, and all facts and circumstances proven on the trial." The complaint is that the jury was left to infer that it might find that the rate of speed was too high. There was no such negligence charged, but the speed was proper to be considered in determining whether the train men could have stopped the train after discovering the cattle, or after they should have discovered them. We think the instruction could not have been understood as claimed by defendant.

III. One ground of defendant's motion for a new trial was misconduct on the part of one of plaintiff's attorneys in the opening argument. The record shows that in his argument the attorney made several statements not fully warranted by the evidence, and urged deductions therefrom against the credibility of some of defendant's witnesses. Defendant's counsel "excepted" to the statements and argument, "as matters outside of the record, and of which there was no evidence." The "objections" were then and there overruled by the court. The propriety of the argument is certainly open to question, but we do not think the defendant was prejudiced by it, or by the ruling of the court. Defendant's "exception" raised the question whether there was any evidence of the matters stated. Defendant had an opportunity to reply, and we must presume that the jury knew what the evidence was, and from the form of their oath, if not otherwise, that they were to decide the case upon the evidence, and not upon statements of counsel. We discover no errors prejudicial to appellant, and the judgment of the district court is therefore *affirmed*.