HERMAN RIETVELD, Admr. of the estate of Dirk Brander-horst, Deceased, Appellee, v. THE WABASH RAILROAD COMPANY, Appellant.

**Railroads:** CONTRIBUTORY NEGLIGENCE: BURDEN OF PROOF. In an action for the death of one killed at a railway crossing, the burden is not upon the defendant to show deceased guilty of contributory negligence, and an instruction which in effect so charges is erroneous.

**Presumption as to due care:** INSTRUCTION. Where there were no eye witnesses to an accidental death at a railway crossing, the jury should be instructed in effect that it is presumed that deceased was exercising due care at the time of the accident, but

that such presumption is not conclusive and may be rebutted by facts and circumstances to the contrary.

**Contributory negligence.** While a railway company and a traveler have equal rights at a highway crossing over the right of way, yet a traveler will be guilty of contributory negligence if he goes upon the crossing in the presence of an approaching train.

**Comparative negligence:** INSTRUCTION. Where plaintiff's negligence contributed in any degree to his injury he cannot recover, irrespective of defendant's negligence; and an instruction in effect announcing the rule of comparative negligence, which does not prevail in this State is erroneous.

**Alien intestate:** WHO MAY SUE. An administrator may sue for the death of his intestate though he was an alien leaving no resident heirs or next of kin.

**Evidence:** OPINIONS. A witness who has made actual observations as to the physical conditions at a railway crossing may state whether conceded obstructions obscured a view of the tracks.

*Appeal from Marion District Court.*— HON. JAMES D. GAMBLE, Judge.

TUESDAY, JANUARY 9, 1906.

ACTION at law to recover damages for the death of plaintiff's intestate, who was struck and killed by one of the defendant's trains at a highway crossing in Marion county, Iowa. Trial to a jury, verdict and judgment for plaintiff, and defendant appeals.— *Reversed.*

*George S. Grover* and *Kinkead & Mentzer,* for appellant.

No appearance for appellee.

DEEMER, J.— Plaintiff's intestate and a companion, who were riding in a standing position in a bobsled, were struck and killed, at a place where a public highway crosses defendant's right of way, by a train which was being operated by defendant's employés. The negligence charged

against these employés is failure to sound the whistle and to ring the bell of the engine as it approached the crossing, as required by statute. There is a conflict in the evidence regarding the giving of the statutory signals, and, as the jury settled this conflict in plaintiff's favor, we must treat the case as if the negligence charged was established.

I. The real question relates to the conduct of plaintiff's intestate at the time of and just before the accident occurred. Was he in the exercise of that care required of

1. RAILROADS: contributory negligence: burden of proof.

him in attempting to cross the right of way ahead of the engine? Plaintiff's intestate and his companion were each instantly killed, and the only eyewitness of the transaction was the engineer of the train which struck and killed the men. This engineer was a witness for the defendant. As bearing upon the question of contributory negligence, the trial court gave the following, among other instructions: " It is a recognized rule of human conduct that persons in their sober senses naturally and instinctively seek to avoid danger. Therefore it must be presumed, until the contrary appears, that the deceased in this case, prompted by this natural instinct, did exercise care in approaching and going upon the crossing in question. But whether the circumstances, as disclosed by the evidence as introduced on the trial hereof, are sufficient to overcome the presumption that deceased, prompted by the instinct of self-preservation, did exercise the care required of him under the law at the time of the injury, is a question for the jury, and for the jury alone, to determine." This instruction in effect cast the burden upon defendant of showing that plaintiff's intestate was guilty of contributory negligence, and was for that reason manifestly erroneous. *Bell v. Clarion,* 113 Iowa, 126. Instruction No. 15 was practically to the same effect, and was erroneous for the same reason. See, also, *Golinvaux v. R. R. Co.,* 125 Iowa, 652; *Salyers v. Monroe,* 104 Iowa, 74.

Defendant asked the following instruction, intended

to cover this point, which was refused: "You are instructed that, where there are no eyewitnesses to the acci-

2. PRESUMPTION AS TO DUE CARE: instruction.

dental killing of a person by a railroad train, the presumption is, in the absence of other evidence and circumstances to the contrary, that the deceased was exercising due care, but this presumption is not conclusive, and may be rebutted by evidence to the contrary; and if then you find, taking into consideration the location of the highway with reference to said crossing, and the distance from said crossing on said highway, from which said approaching train could have been seen, and taking into consideration all other circumstances surrounding said injury, as disclosed by the evidence in this case, you will find that plaintiff's intestate could not have been at or immediately prior to said accident in the exercise of reasonable care on his part, or you find that by the exercise and use of his senses of seeing and hearing he could have discovered the approaching train in time to have avoided injury thereby, with the exercise of reasonable care on his part, then said presumption as to due care is not to be given any weight by you, and, unless there is other evidence from which you can find that plaintiff's intestate did not contribute to said injury by his own negligence, then your verdict should be for the defendant." This, or something conveying the same thought, should have been given. See *Ames v. Transit Co.*, 120 Iowa, 640; *Beem v. R. R. Co.*, 104 Iowa, 563.

II.   In instruction No. 10, the trial court said that a railroad company and a traveler passing over the highway crossing of a railroad right of way have equal rights

3. CONTRIBUTORY NEGLIGENCE.

at the crossing, and that each must be exercised with a view to the rights of the other, and in such a manner as not to interfere with them.   This was followed by a statement that, while each have equal rights, the traveler must yield the right of way, and will be guilty of contributory negligence if he knowingly goes upon

the track in the presence of an approaching train. Complaint is made of this instruction. It seems to have support in *Hart v. R. R.*, 56 Iowa, 166, and *Black v. R. R.*, 38 Iowa, 515. The latter part of the instruction seems to bring it within the rule of these cases. Indeed, it seems to have been copied therefrom.

III.  Instruction 11, given by the trial court, reads as follows: " Ordinarily, when a person is injured by a passing railway train upon a public highway or street crossing, 4. COMPARATIVE and such injury has been caused by his own NEGLIGENCE: instruction. negligence and carelessness, he is not entitled to recover damages by reason thereof; and the burden is upon the plaintiff to establish by a preponderance of the evidence, not only that the injury complained of was caused by the negligence of the defendant, its officers, agents, or employés, but also that the person injured was free from negligence contributing thereto. And in this case if you find from the evidence that deceased's carelessness or negligence was the proximate cause of the accident causing the injury, then the plaintiff cannot recover on the ground of negligence alleged, to wit, the failure to sound the whistle or ring the bell, as alleged in the petition; and in such case you should find for the defendant. By the term ' proximate cause ' is meant the cause which naturally led to and produced the result complained of, and without which the injury would not have occurred." This was erroneous in the form in which it was given, in that it virtually announced the rule of comparative negligence which does not prevail in this state. Of course, the plaintiff's negligence must be such as contributes proximately to his injury; but, if it does so in whole or in part, in any manner or to any degree, there can be no recovery on his behalf. *Jerolman v. R. R.*, 108 Iowa, 177; *Banning v. R. R. Co.*, 89 Iowa, 74; *McAunich v. R. R.*, 20 Iowa, 338; *Muldowney v. R. R.*, 39 Iowa, 615; *Deeds v. R. R.*, 69 Iowa, 164. True, other instructions announced the correct rule, but there is no way

of telling which one the jury followed in arriving at its verdict.    *Kerr v. Topping*, 109 Iowa, 150.

IV.  Defendant contends that as plaintiff's intestate was an alien, who left no heirs or next of kin residents or citizens of this country, action by plaintiff as his adminis-

5. ALIEN INTES- trator will not lie.  That question is ruled
TATE: who may
sue.                adversely to it in *Romano v. Capital City Co.*,
125 Iowa, 591.  The question of pleading, suggested by counsel, need not now be determined in view of the conclusion reached on the case as a whole.

V.  In ruling on the admission and rejection of testimony, the trial court seemed to be of opinion that it was incompetent for one who had made actual observations as

6. EVIDENCE:      to the physical and topographical conditions of
opinions.         the crossing to state as to whether certain ob-
structions, conceded to exist, obstructed the view or were in the line of vision of the track east of the crossing, from which direction defendant's train which struck the intestate was coming.  This was an erroneous view of the law. *Brown v. R. R. Co.*, 94 Iowa, 309; *Trott v. R. R.*, 115 Iowa, 80; *Bizer v. Bizer*, 110 Iowa, 248.  Such questions called for facts, and not for mere opinions, and answers thereto should have been received.  Plaintiff's counsel made a fervid and heated argument to the jury, and, if he did not pass outside the bounds of legitimate comment, he came so close to the line as to call for the suggestion that on a future trial, if one is had, it would be better to adhere more closely to the facts as disclosed by the evidence, and to omit all appeals calculated to arouse prejudice against the defendant because of its character, wealth, etc.

VI.  It is stoutly insisted that the evidence shows, without conflict or dispute, that plaintiff's intestate was guilty of such contributory negligence that there should be no recovery.  Having no argument for appellee, we are not disposed to decide that question at this time.  The case is close, and, in view of the reversal which must follow the errors

above pointed out, we are disposed to let the case follow the ordinary channels, without making any pronouncement upon this proposition. The record may not be the same on another trial, and it does not seem necessary at this time to do more than point out the errors of law committed by the trial court.

For the reasons suggested, the judgment must be and it is, *reversed.*