M. C. BIRD, Appellee, v. HART-PARR COMPANY, Appellant.

**Evidence:** EXPERT MEDICAL TESTIMONY. A physician having qualified as an expert may give his opinion, based upon an examination of an injured person, regarding the cause of the pain at or near the injured parts.

**Master and servant:** CONTRIBUTORY NEGLIGENCE: INSTRUCTIONS. In actions of negligence the plaintiff's negligence, if there be any, will not defeat his recovery unless it be such as contributes proximately to the injury; but it need not be the sole cause of the injury. The instruction as given by the court in the instant case states the rule correctly, and is not subject to the objection that thereunder. plaintiff's conduct could not be considered, unless it were shown that by reason thereof injury resulted to him.

**Same:** HARMLESS ERROR. Where the evidence would not have supported a finding that plaintiff was guilty of contributory negligence, the instructions on the subject even if erroneous were harmless.

**Evidence:** CREDIBILITY OF WITNESS: INSTRUCTION. An instruction that the testimony of medical men of "large experience" based upon hypothetical questions should be given such weight and value as it was fairly entitled to, was not erroneous as minimizing the effect of certain witnesses who had not had large experience and who did not answer the hypothetical questions, and the difference in experience did not exist among those who did answer such questions.

**Master and servant:** NEGLIGENCE: INSTRUCTIONS. Where plaintiff was injured by falling into a scale pit left open after night by defendant while the same was being repaired, an instruction that in determining the question of defendant's negligence and plaintiff's contributory negligence, it was proper to consider all the facts and circumstances concerning the scale pit and its surroundings: the length of time it was open; that if defendant had installed a suitable light and exercised reasonable care in maintaining it that fact might be considered; and if the light was temporarily out without defendant's fault that fact should not be considered against defendant, properly guarded defendant's right so far as its duty to light the place was concerned.

*Appeal from Floyd District Court.*—HON. C. H. KELLY, Judge.

TUESDAY, MARCH 24, 1914.

ACTION at law by an employee of defendant company, to recover damage for personal injuries received by him in falling into a scale pit which it claimed defendant left open and un-barricaded about the place where plaintiff was working. Trial to a jury. Verdict and judgment for plaintiff in the sum of $6,000, and defendant appeals.—*Affirmed*.

*Ellis & Ellis* and *Senneff, Bliss & Witwer*, for appellant.

*Frank Lingenfelder* and *Blythe, Markley, Rule & Smith*, for appellee.

DEEMER, J.—The defendant is engaged in the manufacture of gasoline engines in the city of Charles City, Iowa, and maintains a foundry and machine shops in said city. Plaintiff entered defendant's employ in May of the year 1909, and continued therein until December of the same year, when he received the injuries of which he complains. The foundry in which plaintiff worked was south of the machine shop, and there was an alley between the two buildings, and in this alley was a platform pit scale. On the day plaintiff was injured this scale had gotten out of repair, and two of defendant's employees were directed to fix it. To do this, they had to take up some or all of the boards making the platform. The men were told that when they left the scale at night they should put some planks across the rails, and, also put up a warning light. It is claimed by plaintiff that neither of these things was done, although upon this point there is a sharp dispute in the testimony.

Plaintiff went on duty at six p. m., and was required to register in on a time clock in the machine shop. There was a door at the south side of the machine shop, and this opened outward and over the platform scale in the alley. According to plaintiff's testimony, he went to work a few moments be-

fore six, went into the machine shop and proceeded to the south door, opened it, and, as he turned to close it, fell into the scale pit which had been left open, unguarded, and without adequate lights, sustaining the injuries of which he complains. He got out of the pit, walked to the defendant's superintendent, and stated that he would not work that night.

The pit was about eighteen inches deep. Plaintiff claims that when he fell he broke the tenth rib of his left side, and that, as a result, adhesions formed, which caused serious and permanent injuries. He also claimed that two ribs on his right side were broken as a result of the fall.

The defendant filed a general denial, thus raising the issue of negligence and contributory negligence, and on these issues the case was tried to a jury, resulting in the verdict and judgment hitherto stated.

The propositions relied upon for a reversal do not involve the sufficiency of the testimony to sustain the verdict and only such reference will be made thereto as is necessary to a decision of the matters relied upon. In other words, there was sufficient testimony to justify a verdict for the plaintiff. Aside from a single ruling upon the introduction of testimony, appellant relies upon legal propositions raised by exceptions to the instructions given by the trial court, and its refusal to give certain instructions asked.

I. The ruling on the testimony appears in this quotation from the record:

Q. Doctor, what, in your opinion of the examination of the plaintiff, causes the pain at the point of fracture near the spine on the left side—the fracture of the tenth rib—that you mentioned. Mr. Senneff: We object to the interrogatory as calling for an opinion or conclusion of the witness, and as a matter not the proper subject of expert testimony, and basing it upon statements made by the plaintiff as to pain. By the Court: Well, he may answer that. (Defendant excepts to the ruling of

1. EVIDENCE: expert medical testimony.

the court.)　A. I think the pain and tenderness are caused by adhesions below the rib on the inside of the chest bone. I have been unable to discover any disease of the spinal cord. Q. Now, Doctor, to what cause do you attribute, or did you in your examination of this man, the pain that was evidenced at this point of fracture, or near that. Mr. Senneff: We object to it as immaterial, and not a matter of expert testimony. By the Court: Well, he may answer that. (Defendant excepts to the rulings of the court.) A. I think the pain and tenderness are caused by adhesions below the rib on the inside of the chest bone. I have been unable to discover any disease of the spinal cord. Q. Now, Doctor, to what cause do you attribute, or did you in your examination of this man, the pain that was evidenced at this point of fracture, or near that. Mr. Senneff: We object to it as immaterial, and not a matter of expert testimony. By the Court: Well, he may answer that. (Defendant excepts to the ruling of the court.) A. Why, I attribute it either to the old inflammation, old inflammatory condition of the pleura, and to the involvement of the intercostal nerve at that point, either the bone formation or the adhesions and old scar tissue formed from the pleurisy in the pleura.

Each of the witnesses to whom these questions were propounded properly qualified as experts, and we think the testimony was properly received over the objections lodged to the questions. *Erickson v. Barber,* 83 Iowa, 367; *Cole v. Lake Shore R. R.,* 95 Mich. 77 (54 N. W. 638); *Baltimore Co. v. Schultz,* 43 Ohio St. 270 (1 N. E. 324); *Carthage Co. v. Andrews,* 102 Ind. 138 (1 N. E. 364, 52 Am. Rep. 653); *Moyer v. Railroad,* 98 N. Y. 646; *State v. Glass,* 5 Or. 73; *Johnson v. Railroad,* 56 Vt. 708. Greenleaf on Evidence (15th Ed.) section 440, and cases cited.

II. The instructions given by the trial court on the question of contributory negligence read as follows:

Instruction No. 3.　The plaintiff must also prove by the weight or preponderance of the evidence that he was not himself at fault or negligent as hereinafter explained.

Instruction No. 4.　Negligence is the omission to do

something which a reasonably prudent person, guided by those considerations which ordinarily regulate the conduct of human affairs, would do or doing which a reasonably prudent person would not do under similar or like circumstances.

Instruction No. 5.   Reasonable and ordinary care and diligence is such care and diligence as an ordinarily prudent person would exercise under similar or like circumstances.

Instruction No. 6.   If you find from the evidence introduced upon the trial under these instructions that the plaintiff exercised ordinary care, taking into consideration all the facts and circumstances connected with the injury as shown by the evidence, if you find that he sustained any injury, then he was not at fault or negligent.   If, however, he did not exercise such care, and was negligent in any way, no matter how slight, and if, by reason thereof, any injury resulted to him, then he was guilty of contributory negligence, and he cannot recover in this action.

Instruction No. 7.   Instructs that, if it was an accident, plaintiff cannot recover; and, further, 'defendant is not an insurer of the safety of its employees, and is only liable where injuries are incurred without fault on the part of the person injured, and because of negligence on the part of the defendant.'

Instruction No. 8.   If you find from the weight or preponderance of the evidence introduced upon the trial that defendant failed to so do [exercise reasonable care, etc.], and that, because of such failure, plaintiff was injured, and that he was free from contributory negligence, then the plaintiff is entitled to recover, etc.

Instruction No. 9.   In determining whether plaintiff was guilty of contributory negligence, it is proper for you to take into consideration all the facts and circumstances disclosed by the evidence in reference to the scale and the scale pit and its surroundings.

Particular complaint is made of the sixth and of the court's failure to give defendant's requested instruction No. 2, reading as follows: "If plaintiff was negligent in any way, no matter how slight, which negligence contributed to his injury, he cannot recover, even though you should find that defendant had been negligent."   And also No. 5, requested by

it, which reads: "In determining whether or not defendant exercised ordinary care, you must consider the nature of the place where plaintiff received his injury, the depth of the pit, and whether the same would appeal to an ordinary man as dangerous. You must also take into account, in determining whether or not defendant exercised ordinary care, the extent of the injury that the defendant might reasonably believe might occur by reason of the failure to guard the scale pit, if it did so fail." We may, for present purposes, eliminate this fifth request; for it has no bearing on the question of plaintiff's negligence.

The exact point made against the sixth instruction given is that thereunder plaintiff's conduct could not be considered, unless it were shown that by reason thereof injury resulted to him. Reliance for this claim is placed upon *Deeds v. Railroad,* 69 Iowa, 164; *Banning v. Railroad,* 89 Iowa, 74; *Rietveld v. Railroad,* 129 Iowa, 249; *Jerolman v. Railroad,* 108 Iowa, 177; and other like cases. If the instruction were susceptible of the construction placed upon it by appellant's counsel, to the effect that plaintiff's negligence, to defeat him, must have been the sole cause of the injury, it would unquestionably be bad. But it does not so state, unless it be by the barest inference. The true rule is that plaintiff's negligence, if there be any, will not defeat him unless it be such as contributes proximately to the injury, but it need not be the sole cause of his injury. If it contributed to produce the same, and if it was one of the efficient causes thereof, plaintiff cannot recover, because in the absence of statute, neither court nor jury is presumed to apportion the damages which arise from negligence, or to say which one was the more to blame. *Railroad v. Norton,* 24 Pa. 469 (64 Am. Dec. 672); *Broschart v. Tuttle,* 59 Conn. 1 (21 Atl. 925, 11 L. R. A. 33). But plaintiff's negligence must have been one of the causes contributing proximately to the result. *McKean v. R. R.,* 55 Iowa, 192; *Silliman v. Lewis,* 49 N. Y. 379.

2. MASTER AND SERVANT: contributory negligence: instructions.

The negligence, then, which will bar a recovery must be such as that in some degree it contributed to the injury. The rule, as stated by Justice Wightman, in the English case of *Tuff v. Warman*, 5 C. B. (N. S.) 573, and generally followed by the courts of this country, is as follows:

It appears to us that the proper question for the jury in this case, and indeed in all others of the like kind, is whether the damage was occasioned entirely by the negligence or improper conduct of the defendant, or whether the plaintiff himself so far contributed to the misfortune by his own negligence or want of ordinary or common care and caution that, but for such negligence or want of ordinary care and caution on his part, the misfortune would not have happened. In the first case the plaintiff would be entitled to recover, in the latter not; as, but for his own fault, the misfortune would not have happened. Mere negligence or want of ordinary care and caution would not, however, disentitle him to recover, unless it were such that but for that negligence and want of ordinary care and caution, the misfortune could not have happened; nor, if the defendant might by the exercise of care on his part, have avoided the consequences of the neglect or carelessness of the plaintiff.

The instruction complained of seems to follow this doctrine. The cases relied upon by appellant do not run counter to this rule, nor do they condemn the instruction given. In the *Deeds* case the jury was instructed that, if plaintiff was injured solely in consequence of a violation of a rule of the company, he could not recover. This, of course, was erroneous. In *Banning's* case the only question involved was the correctness of an instruction telling the jury that the defendant would not be liable if the injured party substantially and materially contributed to the accident, and the vice of the instruction was found in these words, and not in the fact that plaintiff's negligence must have been proximate rather than remote.

In *Johnson v. Tillson*, 36 Iowa, 89, the court said, in substance, that defendant would be liable unless plaintiff was

equally guilty of negligence, and this was held erroneous, not because plaintiff's negligence must not be proximate, but because of the degree of negligence on his part which would defeat him.

In *Jerolman v. Railroad*, 108 Iowa, 177, the court said:

The material inquiry is always: Was there any failure to exercise ordinary care; was anything done or omitted which a person of ordinary prudence, under like circumstances, would not have done or omitted; and, if so, was the injury caused thereby, or did such failure contribute thereto? If the injury was occasioned by slight want of ordinary care, when it would not have resulted but for that, then it is as much the outcome of negligence as though caused by some grievous and wanton disregard of duty. So, where any want of ordinary care, however slight, contributes to the injury, as an efficient cause thereof, recovery cannot be had; for the law will not undertake to determine which of the two wrongdoers is most at fault.

*Rietveld v. Railroad*, 129 Iowa, 249, is more nearly in point, but there the court construed the instruction as holding that plaintiff was not relieved unless his negligence was the sole cause of the injury.

It will be noticed that the part of the sixth instruction complained of does not go to the extent claimed. The instruction does not say that plaintiff's negligence must have been the sole and only cause of the injury, but that, even if slight, and by reason thereof any injury resulted to him, he could not recover. This is a true rule, and it does not say, as appellant contends, that he might not also be guilty of contributory negligence if his negligence contributed proximately to the results complained of. The other instructions with reference to this subject state the rule corectly, and, when carefully analyzed, there is no conflict.

The requested instruction No. 2 was erroneous, and was properly refused. *Jerolman v. R. R. Co., supra. Camp v. R. R. Co.,* 124 Iowa, 238.

We see no prejudicial error. Moreover, if a jury had found that, as a fact, plaintiff was guilty of contributory negligence, and for that reason denied him recovery, the verdict would, as we think, have had no support; hence the error, if there was any, was without prejudice.

3. SAME: harmless error.

III. The trial court also instructed:

Medical men have been called as experts on both sides to give opinions as to the condition of plaintiff. Some of these opinions are based on what are designated as hypothetical questions. If the evidence introduced upon the trial shows the acts, conduct, demeanor, and condition of plaintiff to have been as stated in such hypothetical questions, then the testimony of medical men of large experience, based upon such questions, may be given such weight and value as you believe them fairly entitled to. If, however, the evidence does not sustain the supposed state of facts presented in the hypothetical questions asked such medical witnesses, then you should attach no weight whatever to the answers of the medical experts founded thereon. The value of such opinions depends upon whether or not the facts upon which they are based are the facts as shown by the evidence in the case. You should also give the opinions of medical witnesses who have testified from personal knowledge such weight as you believe them fairly entitled to.

4. EVIDENCE: credibility of witnesses: instruction.

This is complained of because it is said to have minimized the effect of some of the defendant's expert testimony—some of their witnesses not having the large experience of those who were used by the plaintiff. The difficulty here is that this part of the instruction relates to opinions of experts on hypothetical questions, and not to medical men in general, and the difference in the experience of the medical men used was not among those who answered hypothetical questions. The instruction was not erroneous.

IV. The defendant made the following request: "If the defendant used the ordinary lighting facilities at the place in question which are ordinarily used they would not be negligent

for failure to furnish light, even though said light had burned

5. MASTER AND
SERVANT: negli-
gence: instruc-
tions.

out; provided it had not been burned out for such length of time that the defendant should have, in the exercise of ordinary care, discovered and replaced same.''

In lieu thereof the trial court charged:

In determining whether or not the defendant was in any way negligent in any of the matters alleged, and also in determining whether the plaintiff was guilty of contributory negligence, it is proper for you to take into consideration all of the facts and circumstances disclosed by the evidence in reference to said scale and scale pit and its surroundings. In determining whether or not the defendant was negligent, it is proper for you to consider the length of time said scale pit was open, whether a long or short time. If, prior to the time of the alleged injury to plaintiff, defendant had installed a reasonably suitable electric light in the canopy between its foundry and its machine shop, and exercised reasonable care in maintaining such light therein, then that fact may also be considered by you in determining whether or not the defendant was negligent. If a light in said canopy was temporarily not burning, without any fault on defendant's part, then the fact of such light not burning should not be considered as against defendant.

There was no error here of which defendant may justly complain. Under the facts disclosed it would have been error to have given the requested instruction, and the one given gave the defendant every advantage to which it was entitled under the facts.

No prejudicial error appearing, the judgment must be, and it is—*Affirmed.*

LADD, C. J., and GAYNOR and WITHROW, JJ., concurring.