William Towberman, Appellee, v. Des Moines City Railway
Company, Appellant.

**NEGLIGENCE:** Contributory Negligence—Non-proximate Cause. Con-
tributory negligence may bar recovery even though it is not the proxi-
mate cause of the injury.

**NEGLIGENCE:** Proximate Cause—Instruction Required. Defendant's
negligence must be the proximate cause of the injury sued for, and
the jury must be so told.

**NEGLIGENCE:** Acts Constituting—Stopping on Street Car Track—
Effect Per Se. A vehicle driver who passes a street car going in the
same direction, and later drives upon the street car tracks and stops at
a point 100 feet ahead of the car, is not guilty of negligence *per se.*

Headnote 1:  29 Cyc. p. 526.  Headnote 2:  29 Cyc. p. 488.  Headnote
3:  36 Cyc. p. 1625.

Headnote 1:  22 R. C. L. 143.  Headnote 2:  22 R. C. L. 148.  Head-
note 3:  25 R. C. L. 1258.

*Appeal from Des Moines Municipal Court.*—H. H. Sawyer,
Judge.

JANUARY 18, 1927.

An action for damages resulting from a collision between
the automobile of plaintiff and one of the street cars of defend-
ant company. From a verdict in favor of plaintiff and from
judgment entered thereon, defendant appeals.—*Reversed.*

*Corwin R. Bennett,* for appellant.

*C. C. Putnam* and *Guy S. Calkins,* for appellee.

Albert, J.—Plaintiff's automobile was being driven along
East Walnut Street in the city of Des Moines in an easterly
direction by the wife of plaintiff. She claims that she stopped

**1. Negligence: contributory negligence: non-proximate cause.** her car by reason of a traffic jam ahead of her, and that, while her car was in this position, a street car of defendant's, coming from the rear, collided with the automobile, and hence the damages claimed. In one of the instructions given by the court, the jury were told that the burden of proof rested on plaintiff to prove by a preponderance of the evidence the materiality of this petition, which materiality was then set out, and among other things the following:

"That the plaintiff's wife was not in any wise guilty of contributory negligence in driving the plaintiff's automobile, which negligence was the proximate cause of the accident, as hereinafter instructed."

After setting out the other alleged grounds of negligence, the jury were told that, if they found from the evidence that plaintiff had established each of the foregoing propositions by a preponderance of the evidence, then plaintiff would be entitled to recover from the defendant such damages, etc. In the next instruction they were told:

"It is the law of this state that one cannot recover damages for an accident the proximate cause of which was the negligence of the party seeking to recover."

It will be noted from these two excerpts from the instructions that the jury were told that the contributory negligence necessary to bar recovery must be the proximate cause of the injury. In these instructions the term "proximate cause" was omitted, as applied to defendant's negligence, but was made to apply to the question of contributory negligence. We have many times stated the rule as to contributory negligence. It is well stated in *Banning v. Chicago, R. I. & P. R. Co.*, 89 Iowa 74, at page 81, where we said:

"If the injured party contributed in any way or in any degree directly to the injury, there can be no recovery."

This is a simple and exact statement of the rule that has been followed in this state. The appellee seeks to justify this instruction by reason of the cases of *Rietveld v. Wabash R. Co.*, 129 Iowa 249; *Bird v. Hart-Parr Co.*, 165 Iowa 542; and *Johnson v. Tillson*, 36 Iowa 89. If we take these cases in the inverse order, the *Johnson* case is a case in which the plaintiff lost two horses, which were stung by bees owned and kept by defendant.

The court instructed the jury that the defendant was liable for his negligence in this action, should the jury find negligence on his part, unless they found that the plaintiff "was equally guilty of negligence with defendant." The instruction was held erroneous, and it is there said:

"We recognize the doctrine of contributory negligence, and hold that recovery for injuries cannot be had if the negligence of the injured party contributed to the misfortune, which, but for his negligence or want of caution, would not have happened."

In the *Rietveld* case, which was an action against the railway company for the death of plaintiff's intestate, among other instructions was the following:

"* * * in this case, if you find from the evidence that the deceased's carelessness or negligence was the proximate cause of the accident causing the injury, then the plaintiff cannot recover on the ground of negligence alleged."

In the same instruction the court then defines "proximate cause." It is there said:

"This was erroneous in the form in which it was given, in that it virtually announced the rule of comparative negligence, which does not prevail in this state. Of course, the plaintiff's negligence must be such as contributes proximately to his injury; but if it does so in whole or in part, in any manner or to any degree, there can be no recovery on his behalf."

In the *Bird* case, the action was for personal injury of an employee of the defendant's. In discussing an instruction given in that case it is said:

"The true rule is that plaintiff's negligence, if there be any, will not defeat him unless it be such as contributes proximately to the injury; but it need not be the sole cause of his injury. If it contributed to produce the same, and if it was one of the efficient causes thereof, the plaintiff cannot recover, because, in the absence of statute, neither court nor jury is presumed to apportion the damages which arise from negligence, or to say which one was the more to blame [citing authorities]. But plaintiff's negligence must have been one of the causes contributing proximately to the result."

Appellee also cites 1 Thompson's Commentaries on Law of Negligence, Section 169, where it is said:

"Contributory negligence, in a sound juridical sense, is the

negligence of the plaintiff, * * * amounting to a want of ordinary care, and proximately contributing to bringing about the injury.''

It is further said that a proximate connection between this want of ordinary care and the injury complained of constitutes such negligence as will bar recovery.

These authorities fail to support the contention of appellee. The only case in which there is an instruction parallel to the one given herein was the *Rietveld* case, supra, where the jury were told that the carelessness and negligence of the deceased were the proximate cause of the accident; and for the use of this term "proximate cause" in this kind of an instruction, we reversed. The court failed to distinguish between the use of this term "proximate cause" and the phrase "proximately caused." "Proximate" is defined in Bouvier's Law Dictionary to be, "in its legal sense, closeness of causal connection;" and when we have used the term in our opinions, such as "proximately causing," it was used in this sense alone. We have nowhere held that an instruction which told the jury that the negligence on the part of plaintiff necessary to bar recovery must be the proximate cause of the injury was correct, and no cases sustaining such doctrine have been called to our attention. It would be impossible to so hold, under the rule of contributory negligence that we have laid down heretofore and consistently followed, as set out in the excerpts from the *Banning* case, above cited. The thought involved in the use of the term "proximately caused" is that there must be a causal relation between the plaintiff's negligence and the injury, and not that it must be the proximate cause thereof.

A careful review of all the instructions given shows that nowhere in the instructions is the jury told that the negligence of the defendant must be the proximate cause of the injury of which complaint is made, before plaintiff is entitled to recover. That such an instruction should have been given is too well settled under our holdings to require citation of authority. See, however, *Busch v. Tjentland*, 182 Iowa 360; *Fiske-Marshall Mfg. Co. v. Rabus & Toeller*, 194 Iowa 1193; *Anderson v. United States R. Adm.*, 197 Iowa 1.

2. NEGLIGENCE: proximate cause: instruction required.

Another question, however, is raised which seems to be con-

trolling. The testimony of plaintiff's wife, who was driving the car,—plaintiff not being present,—is that she was driving east

3. NEGLIGENCE: acts constituting: stopping on street car track: effect *per se*.

on Walnut Street, and passed a street car where she passed the post-office corner between Second and Third Streets on the west side; that they headed the street car off, and went over to the east side, where the accident occurred, between East Second and Third Streets. She testifies:

"The car that struck me was the same one I passed on the west side."

At the point of accident, her further progress was prevented by some other motor vehicles ahead of her in the street. She did not drive on the street car track until near the point of accident, when she turned onto the track and stopped the car. She testifies:

"All the time from the time I passed the street car until this accident occurred, I knew I passed a street car on the west side, and I knew it was going east on that track. It was in motion when I passed it, and was going east on the same track I was driving on ahead of it. I wasn't on the track at all until I turned to go around this double-parked car where we all stopped. I was off the side of the track. When I drove on the track, I didn't look back to see where the car was. When I was driving east before this accident, I was south of the track, in the clear of the track. I could have stopped behind the double-parked car without going on the track and being hit, if I had wanted to wait 15 or 20 minutes."

A witness by the name of Mrs. Cutler, who was riding in appellee's car at the time, and was sitting on the front seat with the driver, testified that, after the Towberman car had been stopped, and was standing on the tracks of the street car company, the witness turned and looked out of the back window of the car, and saw the street car coming, and that she said to the driver, "I am afraid that motorman isn't going to stop,—he is coming too fast;" that, at the time she saw the street car when she thus looked out of the rear window of the car, it was about 100 feet from the place where the accident occurred.

Defendant, at the proper time, made a motion to direct a verdict, on the ground that, under plaintiff's testimony, the driver of the car was shown to be guilty of contributory negli-

gence, as a matter of law. The motion was overruled, and the same proposition is now urged before us. So far as this question is concerned, it may be accepted as true that the street car company's employee was guilty of negligence; but the question is whether, under this showing, we should hold, as a matter of law, that plaintiff is barred from recovery by reason of the contributory negligence of the driver of his car.

Appellant relies on the cases of *Sandell v. Des Moines City R. Co.*, 184 Iowa 525, and *Underwood v. Oskaloosa T. & L. Co.*, 157 Iowa 352, as warranting its contention that the motion to direct a verdict should have been sustained. In each of these cases, both the street car and the vehicle were moving, and the moving vehicle suddenly turned from its course which it was then pursuing, onto the tracks of the street car company, immediately in front of the street car. We do not think that the rule therein recognized governs this case, where the street car was 100 feet to the rear of the automobile when the automobile stopped. It was a question of fact for the jury to say whether or not the appellee was guilty of contributory negligence, as we cannot hold the driver to have been so guilty as a matter of law. —*Reversed.*

EVANS, C. J., and DE GRAFF and MORLING, JJ., concur.