[Civ. No. 7589. Second Appellate District, Division One.—May 4, 1933.]

EARL W. BUSCH, Respondent, v. GEORGE H. OSWALD et al., Appellants.

W. I. Gilbert for Appellants.

Paul Blackwood for Respondent.

DESMOND, J., *pro tem.*—Plaintiff, here the respondent, recovered judgment in a substantial amount for serious injuries which he received when his automobile, a Chevrolet coupe, collided with a dump-truck belonging to defendants, at the intersection of Florence Avenue and Compton Road, a point located in county territory a short distance outside the city limits of Los Angeles. From this judgment defendants appeal.

Defendants, employed by the county of Los Angeles as paving contractors, were engaged in the late afternoon of November 21, 1928, in placing an asphalt surface on the southerly portion of Florence Avenue just east of Compton Road. The space to be covered approximated 60 feet along Florence Avenue by 20 feet in the roadway next the southerly curb. "Stop" and "Go" signals were working at this time at all four corners of the intersection. Plaintiff, employed as a fireman by the county of Los Angeles, drove north on Compton Road and according to his testimony came to a full stop at Florence Avenue. He further testified that while standing in that position he saw a truck proceed to the west along Florence Avenue, also saw two women start to walk in a westerly direction across Compton Road on the southerly side of Florence Avenue, saw them step back to the sidewalk on the easterly side of Compton Road, then saw them step into Compton Road again and proceed to the west in front of his stationary automobile; that the signal toward which he was facing then turned to "Go" and immediately thereafter he drove north into the intersection planning to turn east on Florence Avenue toward his engine-house, and raised his left hand outside his car window, as a signal for the right-hand turn; that before the turn was executed, defendants' truck, loaded with ten tons of hot asphalt, backed against his automobile, pinning his upraised hand and arm between the two vehicles.

A witness for defendants, one of their truck drivers who claimed to have been detailed to the specific duty of flagging traffic, standing for that purpose in Compton Road just south of Florence Avenue, testified that "the truck did not back into the automobile; the automobile ran into the truck. . . . they met about the same time . . . I mean the automobile ran into the rear right-hand corner of the truck; right in the tail gate hook. . . . He ran into the truck with his front door; not the front part of the automobile, not that I know of."

Both parties produced several witnesses who were or claimed to have been at the scene of the accident when or very shortly after it occurred while plaintiff was still there prior to being driven to a hospital. After hearing the recitals of these witnesses, conflicting on various points,

the jury entered a verdict in favor of the plaintiff. There is no question that respondent was injured at this street intersection but appellants question the validity of the jury's decision, which holds them solely responsible for that injury. It is contended that the trial court erroneously instructed the jury on the subject of contributory negligence; also that the testimony of plaintiff relating to the movements of the two women on the southerly side of Florence Avenue and in Compton Road was improperly permitted to go to the jury over the objection of the defendants. We see no merit in this latter contention, believing the jury was entitled to know whether or not plaintiff at this time had his wits about him and was making proper observations of traffic moving in the neighborhood. Counsel for plaintiff made it clear that he was not endeavoring by his inquiry to prove due care on the part of the plaintiff by showing the exercise of ordinary care or a lack thereof on the part of the pedestrians; in fact, he said: "I am trying to show just what happened in front of his car and the traffic going east and west on Florence avenue." We agree with the trial court that this constituted a proper investigation of surrounding circumstances, a duty enjoined upon the plaintiff by defendants' own instructions Nos. 3, 5, 7, 8 and 9, hereinafter set out in whole or in part. Furthermore, it does not appear that appellants requested an instruction from the court advising the jury that the evidence in question was admitted for the single purpose indicated, procedure which was open to them (10 Cal. Jur. 816); perhaps we may fairly conclude that such instruction was not considered necessary in view of the statements made by counsel for respondent as to the limited purpose for which the testimony was offered and the comments of the court establishing that limitation.

We come now to the contention of appellants that the court erroneously instructed the jury on contributory negligence. This contention centers about plaintiff's instruction No. 16, reading thus: "The defendants plead as a further and separate defense to the plaintiff's cause of action as follows: 'Further answering, said defendants allege that the plaintiff himself was guilty of negligence directly and proximately contributing to the happening of the accident, in that he did not exercise ordinary care or

any care for his own safety, but so carelessly, negligently and recklessly conducted himself and operated his said automobile at and about the time and place of the accident as to directly and proximately contribute to the happening thereof.'

"I instruct you that this plea of contributory negligence interposed by the said defendants in their answer is what is termed in law as an affirmative defense, and the burden is on the defendants to establish by a preponderance of the evidence that the plaintiff was *guilty of contributory negligence which proximately caused the injuries;* and if, upon the whole case, the evidence on that issue is, in your judgment, evenly balanced, or if it preponderates against such contributory negligence, then it is not proven, and you should find that the plaintiff was not guilty of contributory negligence as charged in said defense." (Italics ours.) Particular exception is taken to the language "guilty of contributory negligence which proximately caused the injuries", appellants urging that the words "proximately caused the injuries" constitute an erroneous definition of the degree of negligence that they would be required to fasten on respondent in order to sustain the burden of proof mentioned in the instruction.

Plaintiff's instruction No. 6 reads. as follows: " 'Proximate cause,' as used in these instructions, must be understood to be that cause which, in a natural and continuous sequence, unbroken by any new cause, produces the injuries complained of, and without which such injuries would not have occurred."

Instruction No. 9 reads thus: "Negligence, however, upon the part of either party is of no consequence in the case unless you also find that such negligence was the proximate cause of the injury. By proximate cause is meant the efficient cause; the one that necessarily starts the other causes in operation. It is that which is the actual cause of the injury, whether operating directly or by putting intervening agencies, the operation of which cannot be reasonably avoided, in motion, by which the loss is produced—it is the cause to which the loss should be attributed."

In plaintiff's instruction No. 12 the court instructed the jury upon the duty of the driver of a vehicle "meaning an automobile truck"—to maintain a vigilant lookout for other

vehicles on the highway, and in instruction No. 13 upon the requirement that the truck driver must keep his machine under such control as would enable him to avoid a collision with another person, using proper care and caution, even to the point of stopping if necessary.

Instruction No. 12 concluded as follows: " . . . if you find in this case that the driver of defendants' auto truck did not use due care and vigilance in keeping such a lookout for the automobile which plaintiff was driving and which was upon the highway, *and that such failure, if any, was the sole, proximate cause of any injury to plaintiff,* then you will find damages against the defendants, and in favor of the plaintiff."

The closing language in instruction No. 13 reads: " . . . A failure, if any, on his part, to use this care was negligence, *and if this negligence, if any, was the sole, proximate cause of the injury to the plaintiff,* then you will find damages in favor of plaintiff, and against the defendants."

Appellants claim in effect that the jury, having in mind the language of instructions 6 and 9, relating to proximate cause, might have so construed the phrase to which exception is taken in instruction No. 16, viz., "contributory negligence which proximately caused the injuries", that the defendants in order to clear themselves of liability would be required to prove that the plaintiff's negligence was solely responsible for his own injuries. In considering that claim we refer to the words we have italicized in instructions 12 and 13 above and to pertinent language relating to contributory negligence appearing in various instructions requested by defendants and given by the court as follows:

Instruction No. 3. " . . . No person has the right to voluntarily enter into a position of danger if they know and appreciate the dangerous condition; and the plaintiff Busch had no right to enter into a dangerous situation, if he knew or in the exercise of ordinary care should have known of the dangers, if any; and if he failed to thus exercise ordinary care for his own safety, he was guilty of negligence, *and if such negligence directly or proximately contributed to the happening of the accident, in any degree, however slight, your verdict will be for the defendants, notwithstanding you may believe that the defendants were guilty of negligence at the time and place of the accident.*"

Instruction No. 5. "You are instructed that in order to determine whether or not the plaintiff was guilty of contributory negligence, you may take into consideration the fact that said corner was undergoing repairs; if you should find that it was; the fact that the truck of defendants was plainly visible, if you should find it was plainly visible; the fact that the entire intersection was visible to plaintiff, if you should find it was so visible, together with all of the other facts and circumstances in connection with the case; *and if you should find that the plaintiff was guilty of negligence which directly or proximately contributed to the happening of the accident, in any degree, however slight, your verdict will be for the defendants, notwithstanding you may believe that the defendants were guilty of negligence at the time and place of the accident.*"

Instruction No. 7. "You are instructed that if the stop signal was up, indicating that traffic was stopped in the direction in which the plaintiff was proceeding, and the plaintiff drove past said stop signal and into the intersection, he was guilty of negligence as a matter of law, *and if such negligence directly or proximately contributed to the happening of the accident, in any degree, however slight, your verdict will be for the defendants, notwithstanding you may believe that the defendants were guilty of negligence at the time and place of the accident.*"

Instruction No. 8. " . . . if you shall find that the stop signal was up at the intersection in question, then you are instructed that the plaintiff had no right to enter the intersection until the signal had dropped to 'go', *and if he did this he was guilty of negligence as a matter of law, and if such negligence directly or proximately contributed to the happening of the accident, in any degree, however slight, your verdict will be for the defendants, notwithstanding you may believe that the defendants were guilty of negligence at the time and place of the accident.*"

Instruction No. 9. "You are instructed that if you shall find from the testimony that barricades were up and properly lighted, the plaintiff would have no right to enter that particular territory in which the barricades were located, and if he did so, he was guilty of negligence, *and if such negligence directly or proximately contributed to the happening of the accident, in any degree, however slight,*

*your verdict will be for the defendants, notwithstanding you may believe the defendants were guilty of negligence at the time and place of the accident."* (All italics ours.)

It will be noted that plaintiff's instruction No. 16 docs not say that the defendants are required to show that plaintiff was guilty of negligence which proximately caused the injuries but of *contributory* negligence which proximately caused the injuries. "What then", we may imagine a juror asking, "is this special kind of negligence known as contributory negligence which proximately causes injury"?

The answer is found in defendants' instruction No. 2 given by the court as requested and containing a clear definition of contributory negligence. It reads as follows: "You are not permitted to compare the negligence of the plaintiff, if any, with the negligence of the defendants, if any, in order to determine which, if either, was guilty of greater negligence than the other. The sole question for you to determine, in so far as contributory negligence, if any, of said plaintiff is concerned, is: First, was said plaintiff negligent; and, second, did such negligence contribute directly or proximately to the happening of the accident, in any degree, however slight? If it did, you must return a verdict in favor of the defendants, notwithstanding you may believe that the defendants were guilty of negligence at the time and place of the accident." Taken in conjunction with the other instructions given by the court, especially defendants' instructions Nos. 3, 5, 7, 8 and 9, we cannot believe that the jury was misled by the language of instruction No. 16, as to what constitutes contributory negligence within the meaning of the law. As was said in *Harvey* v. *Aceves*, 115 Cal. App. 333, 344 [1 Pac. (2d) 1043, 1047], a case in which a jury verdict for the plaintiff was affirmed: "All of the instructions upon the subject of contributory negligence should be taken together, and if so taken, it seems apparent that they could not have misled the jury." In that case the court gave the following instructions among others: "Contributory negligence is an affirmative defense to be established by the defendant, and such contributory negligence as alleged by said defendant herein, must be shown by a preponderance of the evidence *to have been the proximate cause of the plaintiff's injury."*

(Italics ours.) In commenting upon this instruction the court says, page 339: "It is argued that this, in connection with the correct definition of proximate cause given by the court, in effect instructed the jury that in order to sustain her defense of contributory negligence, it was necessary for appellant to establish that the negligence of the plaintiff was the sole and only cause of the injuries of which he complains."

See, also, *Flood* v. *Miura,* 120 Cal. App. 467 [8 Pac. (2d) 552], where there is an interesting discussion of the distinction between the statement that contributory negligence was the proximate cause of an injury and the statement that it proximately caused the injury. Reasoning along similar lines appears in *Towberman* v. *Des Moines City Ry. Co.,* 202 Iowa, 1299 [211 N. W. 854].

Having in mind the same condition that obtained in *Callet* v. *Alioto,* 210 Cal. 65 [290 Pac. 438], as to instructions, we find that the trial court here, as there, did not undertake to state all the law applicable to the case in one instruction, and considering all the instructions together conclude that "the jury was fully and accurately informed as to the law applicable to this case", therefore that no prejudicial error was committed by the court in this regard.

Judgment affirmed.

Houser, Acting P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 21, 1933, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 30, 1933.